No. 5592.

ROBERT D. MOORE ET AL. *v.* MARY A. HAZELWOOD.

1. MISTAKE.—When land is purchased under mutual mistake on the part of the vendor and vendee, as to the locality of adjoining surveys called for in a deed, the true position of which limits and diminishes the area of the land, so that title to the full tract bargained for does not pass by the deed, equity will afford relief to the purchaser, and it is immaterial that the conveyance was with special warranty.

2. SAME.—The mistake may be set up and, under a plea of partial failure of consideration, relief obtained when the vendor seeks the collection of unpaid purchase money.

APPEAL from Falls. Tried below before the Hon. B. W. Rimes.

*Martin & Dickinson*, for appellants, cited Smith v. Fly, 24 Texas, 345; O'Connell v. Duke, 29 Texas, 309; Daughtrey v. Knolle, 44 Texas, 455, 456; Ladd v. Pleasants, 39 Texas, 415; Weir v. McGee, 25 Texas Supplement, 30, 31; Story's Equity, section 141, 144; 4 Kent, 457.

*B. L. Aycock*, for appellee, cited Smith v. Fly, 24 Texas, 552, 553.

STAYTON, ASSOCIATE JUSTICE. This action was brought by W. W. Hazelwood against Robert Moore to recover on two promissory notes given by the latter to the former for a part of the pur-

chase money of a tract of land, and to enforce a vendor's lien on the land sold. The present parties to the action are the representatives of the original parties. It appears that Hazelwood sold to Moore a tract of land for two hundred and fifty dollars, on which as much as one hundred and thirty-five dollars had been paid, and the action is to recover the balance.

The description of the land in the deed is as follows: "Beginning at the northwest corner of the W. Miller survey, from which corner an elm marked X bears north fifty-seven degrees west seven varas, thence south sixty-two degrees west one thousand eight hundred and eighty-one varas to a stake in prairie, thence north twenty-eight degrees west three hundred varas to a stake in south line of C. Dorsett's survey, thence north sixty-seven degrees east one thousand, eight hundred and eighty-one varas, thence south twenty-eight degrees east three hundred varas, to place of beginning, containing one hundred acres." The answer alleged a partial failure of consideration in that the land which the deed purported to convey was so largely covered by the survey referred to in it as to leave only about twenty-three and a half acres of land which could pass by the deed. The answer further alleged that the land intended to be conveyed, was a narrow strip between the House survey on the south, and the Dorsett and Higgins surveys on the north, supposed by the vendor and vendee to be three hundred varas wide, and to contain one hundred acres of land, when in fact it was only about seventy varas wide.

The averments of mutual mistake were full, and it was averred that the land covered by the surveys referred to in the deed, was not owned at the time or subsequently by the vendor, and that the price agreed to be paid was the full value of one hundred acres of land contained in the boundaries set out in the deed. The answer further shows that the land is situated in a prairie country, and that the line of the House survey on the south, and of the Dorsett and Higgins on the north, run the courses named in the deed, but that they were in no way marked, and could only be identified by measuring from known points on other surveys, except that one corner of the House survey was marked. The deed was one with warranty only against persons claiming through the vendor. A demurrer to the answer was sustained, and we think improperly.

If the averments of the answer are true, it is evident that the parties acted under a mutual mistake as to the true position of

one or more of the surveys named in the deed, which were supposed by both parties so far distant, the one from the other, as to leave a space three hundred varas wide, which it was the intention of the seller to sell and of the purchaser to buy. We know of no case in which relief has been denied under such facts.

This is not a case in which title to all the land embraced within the boundaries given in the deed did pass, which, however, was afterward found to embrace a less area than recited in the deed, but it is a case in which there was a mutual mistake as to boundaries of surveys called for, whereby title to all the land described in the deed did not pass. Against mistakes of this charater a court of equity will give relief as fully as for mistakes as to area embraced within named boundaries.

The rules applicable to such cases have often been announced. (Smith v. Fly, 24 Texas, 345; O'Connell v. Duke, 29 Texas, 300; Daughtrey v. Knolle, 44 Texas, 450.) That the land was conveyed with special warranty is of no importance, for this action is not based on any breach of warranty.

The defense is one which may be urged at any time when the vendor seeks to collect the purchase money that would be due had the contract not been made under mutual mistake as to a matter which must have influenced the making of it. Had the vendor paid the purchase money and afterward sought to recover a part of it on account of the deficiency in the land, he might be barred by limitation, but that is not the character of this action.

For the error of the court in sustaining the demurrers, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 12, 1887.