JESSE TERRY v. MARY A. BARBOUR.

No. 305.

**Deed—Shortage in Land—Misrepresentation of Amount.**—Appellee's husband, in negotiating a sale to appellant of four tracts of her lands, of 320 acres each, represented that he had had them carefully surveyed, and that they contained a total excess of nearly 50 acres. Appellant, relying on this, had no survey made, but closed the trade on a basis that excluded both excess and deficiency, and the general warranty deed, which was sent for execution to the wife in another State, contained no covenant as to quantity, and was executed by her without any knowledge of such representations by her husband. Afterwards it was discovered that, by reason of conflict with older surveys, there was a deficiency of 55 to 125 acres. *Held*, no mistake being alleged, and no actual fraud proven (the husband having, in fact, had a survey made which showed an excess), that appellant could not require appellee to make good such deficiency.

APPEAL from Young. Tried below before Hon. GEORGE E. MILLER.

*Arnold & Adams*, for appellant.—1. The only legal construction which can be placed upon the language in the deed from appellee and her husband to appellant is that a sale by the acre alone was contemplated by the parties. That part of the deed which refers to the number of acres in each grant is not a part of the description, but an express declaration on the part of the grantors as to the quantity of land to be conveyed. The appellant, holding under the deed, would be entitled to recover back the purchase money for any loss sustained, and he would also be required to account for any excess. Weir v. McGee, 25 Texas Supp., 30; Pardue v. James, 74 Texas, 299; Ayers v. Harris, 64 Texas, 296; Ayers v. Lancaster, 64 Texas, 305.

2. Plaintiff was induced, by the misrepresentations of defendant's husband and agent, to believe that the four tracts embraced 320 acres each, and that he was purchasing the same by the acre. These misrepresentations as to the quantity of the land, together with the enormity of the loss, 125 acres, which was sufficient to affect the essence of the contract, will authorize a court of equity to grant the relief herein sought, even though the sale may have been in gross. 1 Sugd. on Vendors, ch. 7, sec. 3; 1 Story on Eq., sec. 141; Smith v. Fly, 24 Texas, 349; Daughtrey v. Knolle, 44 Texas, 450; Weir v. McGee, 25 Texas Supp., 30; O'Connell v. Duke, 29 Texas, 309.

*Johnson & Aikin*, for appellee.—1. The conveyance by appellee and her husband to appellant clearly evidences a grant by the tract or survey; the language, in effect, being, " in consideration of the sum of $6720, do convey four separate tracts of land, containing 320 acres each, being a part of the Texas Emigration and Land Company lands, and being sur-

veys numbers 1207, 1208, 1209, and 1210," etc. The word "acres," as used in this deed, is merely descriptive. Weir v. McGee, 25 Texas Supp., 30; Daughtrey v. Knolle, 44 Texas, 450; 4 Kent Com., 546.

2. The court must construe the deed unaided by other evidence; the question being, whether the sale was made by the acre or in gross. Daughtrey v. Knolle, 44 Texas, 456.

3. Fraudulent representations against which equity will relieve must be such as evidence an intention to take advantage by means of deceit. John M. Barbour made no fraudulent representations as to quantity. He only expressed his opinion, and gave surveyor Spiller as the source of his information. McKay v. Treadwell, 8 Texas, 176; McGee v. White, 23 Texas, 180.

STEPHENS, ASSOCIATE JUSTICE.—August 28, 1889, by general warranty deed, duly acknowledged at Louisville, Kentucky, appellee, Mary A. Barbour, joined by her husband, John M. Barbour, since deceased, conveyed to appellant certain lands therein described as follows: "Four separate tracts of land, containing 320 acres each, and being part of the lands originally owned by the Texas Emigration and Land Company, and being survey number 1207 in Young County, and surveys numbers 1208, 1209, and 1210 in Stephens County (formerly Buchanan County), in the State of Texas; for which tracts of land patents were duly issued to Thomas Coleman, assignee of the Texas Emigration and Land Company." There was no covenant or other affirmation in the deed of the quantity.

These lands were the separate property of appellee. and were sold as such to appellant; the deed on its face showing that they descended to her from said Coleman, deceased. The sale was negotiated by John M. Barbour, at a specified price per acre, who represented to appellant that each section contained at least 320 acres; that he had had the lands run out several years before the trade, by one of the finest surveyors in the State, and that there was an excess of 40 or 50 acres. Relying upon these representations, appellant did not have the land surveyed, but closed the trade upon a basis which excluded both excess and deficiency.

The deed was prepared and sent to appellee at her home in Louisville, Kentucky, where it was executed by her without any knowledge of the preceding representations of her husband. It was shown by the report of the surveyor who ran out these surveys, pending the suit, that, owing to conflicts with other surveys, there was a deficiency of from about 55 to 125 acres, though the survey previously made at the instance of Barbour showed a small excess, as represented by him to appellant. A part of the purchase money was paid in ignorance of the deficiency, and the notes given for the balance were paid after they had been assigned.

This suit was brought by attachment against appellee as a nonresident, to require her to make good the alleged deficiency, on the ground that

the land had been bought by the acre upon the faith of the representations of appellee's husband, as above set forth.   No mistake was alleged, and no actual fraud was proven.

*Conclusions of Law.*—Upon the authority of Etheridge v. Price, 73 Texas, 597, we conclude that this judgment should be affirmed.  See also, Moore v. Hazlewood, 67 Texas, 624; Wheeler v. Boyd, 69 Texas, 293; Bellamy v. McCarthy, 75 Texas, 293; Weir v. McGee, 25 Texas Supp., 30; Daughtrey v. Knolle, 44 Texas, 450; Smith v. Fly, 24 Texas, 345; Wadkins v. Watson, 24 S. W. Rep., 385, decided by our Supreme Court, December, 1893.

*Affirmed.*

Delivered December 13, 1893.