## TAYLOR v. HILL et al. (No. 114–2970.)

(Commission of Appeals of Texas, Section B.
May 12, 1920.)

**1. Vendor and purchaser ⚖️351(6)—Measure of damages for shortage of acreage stated.**

Purchaser's measure of damages for shortage in acreage of tract of land conveyed, whether the cause of action be predicated upon fraudulent misrepresentation or mutual mistake, is the difference between the consideration paid and the value of the land actually conveyed.

**2. Judgment ⚖️255, 256(6) — Judgment not supported by verdict or proof held erroneous.**

In purchaser's action to recover for shortage in tract of land, where the jury failed to agree upon the value of the land, and where the evidence wholly failed to show the value of a certain number of patented machines and the exclusive right of sale thereof within certain territory, constituting a part of the consideration for such land, the rendition of verdict for plaintiff and judgment thereon *held* reversible error; there being no basis in the verdict for the essential elements in ascertaining the damages.

**3. Vendor and purchaser ⚖️348—Simultaneous conveyance to one and by latter to third person held a sale to such third person.**

Where purchaser of land who failed to make installment payments induced third person to take over his rights in the land, and vendor executed deed to purchaser and purchaser executed deed to third person simultaneously, the effect of the entire transaction was a sale by vendor to third person, and third person in suing for shortage in acreage should bring action on such theory.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Hood Hill against W. E. Taylor and another. Judgment for plaintiff against both defendants was affirmed by the Court of Civil Appeals (183 S. W. 836), and the first-named defendant brings error. Judgments of district court and Court of Civil Appeals reversed, and cause remanded.

W. R. Saunders, Chas. B. Braun, and Edgar & Chas. Witt, all of Waco, for plaintiff in error.

Tirey & Tirey and Marshall Surratt, all of Waco, for defendants in error.

McCLENDON, J. Hood Hill, as plaintiff, brought this suit against W. E. Taylor and H. K. Brown to recover for an alleged shortage in a tract of land conveyed by Taylor to Brown and by Brown to Hill. Upon a verdict upon special issues the trial court rendered judgment in favor of plaintiff against both defendants, which judgment was affirmed by the Court of Civil Appeals, Third District. 183 S. W. 836.

The facts in the case, which appear to be undisputed, except where noted, are substantially as follows: Prior to September 17, 1913, defendant Taylor was the owner of the tract of land in question, and through his agent, Crate Dalton, negotiated a sale of the land to defendant Brown for $11,500, $3,500 whereof was to be evidenced by a vendor's lien note, $3,000 paid in cash, and the remaining $5,000 represented by the transfer to Taylor of the exclusive right of sale within certain territory of a patented machine known as a "Rollograph," with which right a certain number of the machines was to be delivered. Brown was unable to raise the cash called for in the agreement, and made an arrangement with plaintiff whereby the latter agreed to become the purchaser of the land, he to assume the $3,500 note and pay the $3,000 in cash, and Brown was to have an interest of $6,000 in the land, together with the right to sell the land at such figure as would realize plaintiff's outlay and a reasonable profit to plaintiff and Brown's $6,000 interest therein. There does not appear to have been any writing evidencing this agreement, but it was testified to, both by Brown and Hill; the former testifying that he expected, in so far as his interest in the land was concerned, to make a trade for other land or property. The land was supposed to contain 191 acres, and was so represented by Taylor and his agent, Dalton. At the time of consummation of the trade, however, plaintiff was not satisfied as to the acreage. Whereupon Taylor and Dalton informed plaintiff that the land had been surveyed by one Freeman, a surveyor at McGregor. The latter was then called on the telephone, and he assured Hill that he had surveyed the land and that it contained 191 acres. Upon this assurance of Freeman, Hill agreed to close the trade without having a survey made. Thereupon a general warranty deed was executed by Taylor in favor of Brown, for the recited consideration of $3,500, represented by a vendor's lien note, and $8,000 in cash. Brown, in turn, executed a general warranty deed to Hill, reciting the assumption of the $3,500 note and $9,000 in cash. Brown executed the $3,500 note; Hill gave his check to Brown for $3,000, which Brown indorsed over to Taylor. The execution of the two deeds and $3,500 note and the payment of the $3,000 in cash took place simultaneously. It later developed that there was a shortage of 36.9 acres under the 191 acres; Freeman testifying that subsequently to the purchase by Hill he made another survey, and ascertained that an error in the former survey had been made by his chain carriers. There was evidence tending to show that Brown failed to deliver some of the "Rollograph" machines contracted for, and that some of the representations

made by Brown in regard to the machines were false. There was no testimony as to the value of the machines delivered, or of the patent rights acquired under the agreement between Brown and Taylor. Hill was permitted to recover against both Brown and Taylor for the actual amount of shortage, 36.9 acres, at $65.44 an acre, which represented the price per acre at the recited consideration in the deed from Brown to Hill.

[1, 2] The measure of damages in cases of this nature, whether the cause of action be predicated upon fraudulent misrepresentation or mutual mistake, is the difference between the consideration paid and the value of the land actually conveyed. This rule was announced in George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, in actions grounded in fraud, and has been uniformly followed. The same rule was applied in cases of mutual mistake, in Cox v. Barton, 212 S. W. 652, decided by this section of the Commission and approved by the Supreme Court. The evidence touching the value of the land varied from $25 to $65.44 an acre. The jury failed to agree upon the value of the land. Consequently there was no basis in the verdict for one of the essential elements in ascertaining the damage. And as the evidence wholly failed to show the value of the "Rollographs" and rights of sale thereof, the other element in ascertaining the damage was wanting. The error in rendering judgment, upon the evidence as well as upon the verdict, requires a reversal of the case.

[3] We need notice only one further matter, which becomes important in view of a new trial. The plaintiff predicated his right of recovery on the theory of a sale from Taylor to Brown and Brown to Hill. We think it clear that, under the arrangement between Brown and Hill, the effect of the entire transaction was a sale by Taylor to Brown and Hill; the consideration being $6,500 (represented by cash and note) and the value of the "Rollographs" and sale rights therein. The legal title to the property was placed in Hill, and he could maintain an action against Taylor for the shortage, based upon fraud, mutual mistake, or both. The pleadings should be made to conform to this theory. It is not necessary to attempt to further define the relative rights of Hill and Brown; whether Brown retained any title to or lien upon the property or merely the right to resell and participate in the proceeds. See Mansfield v. Wardlow, 91 S. W. 859.

The measure of Hill's recovery will be limited to the difference, if any, between what Taylor received for the land, that is, $6,500, represented by the vendor's lien note and cash, plus the value of the "Rollographs" and rights of sale thereof, and the value of the land actually conveyed by Taylor at the time of the conveyance.

We conclude that the judgments of the district court and Court of Civil Appeals should be reversed, and the cause remanded to the district court for a new trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the questions discussed.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes