### MASON v. PETERSON et al. (No. 6573.)

(Court of Civil Appeals of Texas. San Antonio. June 8, 1921. Rehearing Denied June 22, 1921.)

1. **Vendor and purchaser ⬦280(2)—Plea held properly to allege partial failure of consideration.**

In an action on purchase-money notes and to foreclose vendor's lien, a plea that defendant was unacquainted with the land bought, that the vendor's agent represented to him that there were only 5 acres incapable of irrigation whereas in fact there were 19 acres, that, if the land had been as represented, it would have been worth the price he agreed to pay for it, but that in its actual condition it was worth much less than that price, is sufficient as a plea of partial failure of consideration.

2. **Vendor and purchaser ⬦37(1)—Misrepresentations entitling purchaser to reduction of price must be equivalent to fraud.**

In order to entitle the purchaser to a deduction or abatement of the purchase price as of the date of the sale, the misrepresentation relied on must have been so made that the purchaser acted in reliance upon it without examining or judging for himself, and must be equivalent to a fraud actual or constructive.

3. **Limitation of actions ⬦40(2)—Statute does not bar right of purchaser to rely on partial failure of consideration as defense.**

In a suit by the vendor for specific performance of the contract and to foreclose vendor's lien, the right of the purchaser to a reduction of the purchase price because of a misrepresentation by the vendor's agent on which the purchaser relied is a purely defensive plea, and not a defense in the nature of a cross-action, as in the case where the purchaser seeks to recover the purchase money paid, and therefore the statute of limitations is not available to defeat the defense of partial failure of consideration.

### On Motion for Rehearing.

4. **Evidence ⬦265(7)—Defendant's admission to obtain opening and closing covers all allegations.**

Where defendant in open court admitted all the allegations of plaintiff's petition except in so far as they might be avoided by his plea of partial failure of consideration to obtain the benefit of the opening and closing of the testimony, the plaintiff's admission reaches

to the entire cause of action pleaded, and he cannot thereafter question plaintiff's failure to offer evidence on any material allegation.

**5. Vendor and purchaser ⊜⟹37(4)—Acquiescence by vendor's agent to purchaser's estimate held not fraudulent misrepresentation.**

Where vendor's agent and the purchaser examined the land together, and the agent stated he did not know how many acres were too high to be irrigated, but thereafter acquiesced in the purchaser's estimate that there were not to exceed five acres, there was no fraudulent misrepresentation of fact by the agent establishing partial failure of consideration.

**6. Appeal and error ⊜⟹930(3)—Court presumed to have made finding to support judgment on issue of fraud not submitted to jury.**

Where no issue of fraud per se was submitted to the jury, the Court of Appeals must presume in support of the trial court's judgment for plaintiff, that the trial court found against fraud by him where the record supported such finding.

**7. Vendor and purchaser ⊜⟹37(5)—Finding misrepresentation made by vendor's agent was made as a fact is not a finding of fraud.**

A finding by the jury that the misrepresentation made by vendor's agent on which the purchaser relied to establish a partial failure of consideration was made as a representation of fact does not establish the fraud, where it was made during an inspection of the land, and there was no finding of intent to deceive or of reliance thereon.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by Mrs. E. V. Peterson and others against Calvin F. Mason to recover on notes given for the purchase of land. Judgment for plaintiffs, and defendant appeals. Affirmed.

Seabury, George & Taylor, of Brownsville, for appellant.

Graham, Jones & Williams, of Brownsville, for appellees.

COBBS, J. This suit was instituted by appellees to recover of Calvin Mason on his two promissory notes, each of said notes being for the principal sum of $900, payable to E. V. Peterson two and three years, respectively, after their date, each bearing 7 per cent. interest per annum from date, dated the 20th day of September, 1912, with the usual 10 per cent. attorney's fees. Said notes represented the deferred payment for the purchase price of the N. W. ¼ of the S. E. ¼, section 35, of the subdivision of the La Lomita tract of land, situated in Hidalgo county, of Tex., consisting of 40 acres.

After the execution of said notes, E. V. Peterson departed this life, leaving surviving him his wife and daughters, the appellees herein, who bring this suit, alleging that there has been no administration upon the said estate and no necessity therefor.

The chief defense, and the only one necessary to discuss herein, set up is partial failure of consideration.

The plea alleged substantially that appellant was a resident of the state of Missouri, and unacquainted and unfamiliar with the real estate and the value thereof in the Rio Grande valley, and particularly was he unacquainted with the land in controversy, its irrigability and agricultural qualities. Being desirous of purchasing an irrigable farm, the land in controversy was shown him by Peterson's agent, who represented to him that said land was in its entirety inclosed with a barbed wire fence, containing 40 acres within such inclosure under fence, irrigable and susceptible to irrigation from the then constructed, operated, and existing canal system, contiguous to said land by gravity flow, except a small portion thereof, a little spot or little place represented as too high to be watered, consisting of 3, 4, or 5 acres, but the balance of said land could be irrigated by gravity flow from said canal system. Relying upon such representations, appellant was induced to purchase the same at the price of $120 per acre, which he contracted to pay for at the price of $120 per acre, aggregating the sum of $4,800, of which sum $3,000 was cash and the balance represented by the notes sued on.

Appellant further pleaded there were not 40 acres under fence as represented, but only about 35 acres inclosed. Instead of there being only 3, 4, or 5 acres too high to water, there were about 19 acres out of the said 35 acres so inclosed that could not be irrigated from said canal and its then condition of gravity flow, and cannot be so irrigated, the said 19 acres being above the high mark of said canal system, as the same was then, and has been ever since, constructed and operated. It is alleged, if said 40 acres of land had all been inclosed and irrigable, it would have been worth the price agreed to be paid for it, but, owing to its shortage and because some is not irrigable, its market value was not more than $5 per acre, and the entire tract was not worth in the market $3,000, but less than $2,000, owing to the alleged facts; hence appellant pleaded that said notes should be canceled. He pleaded in the alternative, should the facts so appear, and the court only finds a partial failure, that judgment be rendered on the notes for amount actually due after deducting partial failure.

The appellees replied, pleading, among other sufficient and responsive defenses, the statute of limitations of two and four years' limitation to appellant's plea of failure of consideration.

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The case was tried with a jury, and in reply to the special issues they found: (a) That it was represented to appellant at the time of the purchase that the 40 acres in its entirety was inclosed with a barbed wire fence; and (b) that such statement of fact was made as "an expression of opinion"; and (c) that there were not more than 4 or 5 acres "too high to water"; and (d) such statement was made "as a fact"; and (e) the market value of the tract of land at the time of the sale, not by acre, but by bulk, was $3,635; and (f) that appellant in the spring of 1913, the time he cleared the land, was in possession of such facts as to put a reasonably prudent man upon such inquiry as would have led to the discovery of the quantity of land too high to water; and (g) the reasonable market value of the land appellant had a right to understand it to be from the representation made to him in its entirety (40 acres) was $4,800.

Appellant, instead of requesting the court to submit to the jury all the material issues he desired a finding upon, requested and secured from the court on his request "to file his conclusions of law showing his action sustaining the defendant's plea of two years' limitation against defendant's plea of failure of consideration, and * * * finding of fact shown by undisputed testimony contained in said tract of 40 acres of land described." In reply the court found: (a) There were 16.57 acres of the 40 "nonirrigable"; (b) that there were 11.57 acres sold as irrigable by the acre at the price of $120 per acre; and (c) the defense of failure of consideration was a cross-action and not in law a plea of failure of consideration; and (d) barred by the statute of limitations of two years; and (e) appellees should recover the full debt sued for, with interest and attorney's fees; and (f) in case the court should be mistaken that the defense of two years' limitation should not bar the defense of partial failure of consideration, then the judgment should be for only $917.55.

The court entered judgment for the full amount sued for, including interest and attorney's fees. In order to secure the opening and closing of the testimony and argument of the case appellant in due time made the statutory admission to entitle him to that right.

[1] Appellees contend the plea is not sufficient as a plea of failure of consideration. Without restating the pleading as it was stated for the purpose of this objection heretofore, we hold under the authorities cited by appellant it is amply sufficient. The appellant stated the facts sufficiently at length to show wherein the consideration had failed, and we overrule that objection.

This was a suit to recover the deferred payments, the balance due, part of the consideration for the purchase price for land, and to foreclose the vendor's lien thereon. The vendor had two remedies. One was to recover the land on the legal title, or sue on the equitable title for specific performance and foreclosure. This last remedy was pursued in this case. In the former class of cases—that is, where the vendor sues on his legal title—it involves only a question of title, but when he elects his remedy and sues for the enforcement specifically of his contract based upon his equitable title, courts of equity have uniformly held in such cases as a condition to such relief it must appear he has done equity by the party against whom he asks the court for its aid to enforce the contract. When it appears the complainant has perpetrated a fraud or overreached his adversary and sought an unfair advantage, either through fraud or mutual mistake in the making of the contract, a court of equity will not lend its aid nor its powers to perpetuate such a fraud or gross wrong. Appellees do not attempt or offer to do equity. They stand on their original contract and demand its enforcement, and assert as against appellant's prayer for relief a plea of the statute of limitations. The jury found that the vendor at the time of the sale made all the material allegations that induced the sale as representations of fact, based upon mere opinion, as to the number of acres inclosed irrigable and those not irrigable, and the value thereof.

[2] In order to secure the benefit of a deduction or abatement of the purchase price as of the date of the sale, the misrepresentation must have been so made as that the purchaser acted on the face of it and relied thereupon in making the purchase, without examining or judging for himself and be such as is equivalent to a fraud, actual or constructive. Kallison v. Poland, 167 S. W. 1104; Franco-Texan Land Co. v. Simpson, 1 Tex. Civ. App. 600, 20 S. W. 954; Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; Wortman v. Young, 221 S. W. 662–663.

[3] There is a very broad distinction between a case where the suit is one in equity to require the specific performance of a contract in which there has been a partial failure of the consideration and one where the defense is presented in the nature of a cross-action to recover money over paid, or to recover damages for the breach of a contract. This distinction is very clearly drawn in the cases cited by appellees of Ft. Smith v. Fairbanks, Morse & Co., 101 Tex. 27, 102 S. W. 908, and Binder v. Millikin, 201 S. W. 243. In the one class of cases it is a defense to the note, and in the other but a cross-action or set-off in their technical and legal sense.

The statute of limitations has no place here, and does not apply as against a plea of failure or partial failure of consideration in the absence of any pleading over; for such defense may be well urged in cases

of specific performance to show that the consideration was fraudulent in whole or in part, or that the contract was entered into through mutual mistake and where an unconscionable advantage was obtained. Such defense is purely defensive and not affirmative in its nature when no judgment in the nature of a tort or for damage by way of cross-action is requested, but only to be relieved from the burden of the contract sought against him, and therefore the statute of limitations is not available to defeat such a defense. 17 R. C. L. p. 745; 25·Cyc. pp. 1063–1194. See, especially, Richardson v. Lowe, 149 Fed. 625, 79 C. C. A. 317; Rosborough v. Picton, 12 Tex. Civ. App. 113, 34 S. W. 793, 43 S. W. 1033; Moore v. Hazelwood, 67 Tex. 624, 4 S. W. 215; Land Co. v. Simpson, 1 Tex. Civ. App. 600, 20 S. W. 953; Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109.

It will be seen from these decisions, where there is any character of affirmative relief sought over, the statute of limitations may be asserted to defeat the plea. Such defenses clearly belong to that class of cases seeking relief by recovery over, but not to a class which sets ·up failure of consideration only as a defense to defeat the suit in whole or in part.

In Binder v. Millikin, 201 S. W. 239, supra, the opinion was written by the present Chief Justice of this court. A careful and complete review of many cases on the subject is there made, and well covers the questions raised here. The defense here is in avoidance of the recovery of the debt. It seeks no recovery over for any sum; is not a cross-action. It sets up no facts that entitle appellant to any relief, legal or equitable. The court submitted to the jury the issues involving the alleged fraud, and the answers, as shown above, were against appellant's contention, and that such alleged representations were matters of opinion. The findings of the jury are entirely supported by appellant's own testimony, who stated he went out to see the land in person before purchasing and made an examination for himself, and said:

"We walked around the corner of it where it is high, and came back, and we wasn't there very long, and we stood there and talked about this high part. I tried to find out something about that, and he said, 'This is a little bit too high to water at this corner,' and he said, 'This will just make you a nice yard or a building site,' and the next thing—and very soon, in a little while, we started for the wagon to go back, and I said to him, 'Two or three acres there,' and he hesitated and wouldn't say, and I said, 'Not more than four or five,' and he said, 'No; no; not more than four or five acres.' I saw that little spot there as well as I could. The land was all covered with brush so far as I could see. That was about the sum and substance of the conversation about that 'part of it; that is all that occurred when we were out there. He said the fence enclosed

forty acres. We then went back to town, and that is all the examination I made of it. That is all the statement he made to me about the altitude being too high to water; that is all he said."

There is no proof that there were any fraudulent representations made to him in regard to the quantity and irrigability of the land. It is shown that his opportunities for seeing the land were as good as those of Mr. McHenry, who showed it to him, and who made the representations as mere expressions ·of opinion, and not for the purpose of defrauding him, and the claim that he was defrauded under the circumstances is wholly without merit. Having gone on the land and made his own inspection and examination, he cannot now be heard to set up his own lack of judgment in making a bargain which, in after years, he becomes dissatisfied and ·seeks to avoid upon statements made to him at the time of his personal inspection, which he knew were made to him as mere expressions of opinion of matters · that he was equally as well informed of by his own observation.

We find no merit in the assignments, and affirm the judgment.

## On Motion for Rehearing.

As counsel has severely challenged the accuracy of this court's conclusions in respect to special issues submitted and their effect, we here copy them, as well as the answers, in full, so there can be no mistake as to what issues only were submitted, and what answers were given, and their effect, to wit:

"First question: Did Mr. McHenry represent to Mr. Mason while upon the land and before Mr. Mason bought the land that said land in its entirety was inclosed with a barb wire fence, and that there were forty acres of land within such inclosure and under such fence? Answer: Yes.

"Second question: Were such statements as you have found Mr. McHenry made to Mr. Mason in your answer to the first question stated as a fact or were they the mere expression of an opinion? Answer: As expression of opinion.

"Third question: Did Mr. McHenry represent to Mr. Mason while on the land and before Mr. Mason bought it that there were only four or five acres, or not more than four or five acres, that were too high to water? Answer: Yes.

"Fourth question: Were such statements as you have found that Mr. McHenry made to Mr. Mason in answer to the third question stated as a fact, or as the mere expression of an opinion? Answer: As a fact.

"Sixth: Was the defendant, Calvin Mason, in the spring of 1913 and at the time he cleared the land in possession of such facts as would have put a reasonable prudent man upon such inquiry as would have led to a discovery of the quantity of land too high to water? Answer: Yes."

[4] In this case the appellant "in open court admitted all the allegations of plaintiff's petition except in so far as they may be avoided by the plea of failure of consideration as presented to the jury, in order to obtain the benefit of the opening and closing of the testimony." Smith v. Bank, 74 Tex. 541, 12 S. W. 221; Meade v. Logan, 110 S. W. 189; Workman v. Ray, 180 S. W. 291. It is held in Berry Bros v. Fairbanks, Morse & Co., 51 Tex. Civ. App. 561, 112 S. W. 429:

"The contemplation of the rule is that the admission relieves the appellees of proving the case, and to allow them to recover to the extent of the claim made in their pleadings. Sanders v. Bridges, 67 Tex. 93, 2 S. W. 663. The admission reaches to the entire cause of action pleaded, and appellants cannot question failure to offer evidence on any material allegation. Taylor v. Reynolds (Tex. Civ. App.) 105 S. W. 65."

As the defense was by him limited to the sole one of failure of consideration, we must again search the pleading, evidence, and findings of the jury relating thereto. There is no claim or proof of fraud as a fact, but simply based upon representations made to him at the time of the inspection of the land when he was present, upon which he says he relied, and for that reason the consideration failed. There is no effort to set aside the sale upon the ground of mutual mistake of the parties, if after this great lapse of time such a plea would be available under the facts in this case. There was nothing done or said to appellant at the time, or representation made to him, but what was obvious to him just as much so as it was to the agent who was showing him the land. All the representations made are found by the jury to be made as "expressions of opinion," except in respect to the answer to the third question, in which the answer as shown is that McHenry represented that there were only four or five acres, or not more than four or five acres, that were too high to water, made "as a fact."

In addition to what appellant said about the misrepresentations made to him in regard to the number of acres that could not be irrigated, upon which he relied, Mr. Rector T. Mason, son of appellant, testified:

" * * * I joined them, and they were starting to the fence, and I started the same way, and they stopped and looked around, and Mr. McHenry indicated a place around there and says, 'That is a beautiful building site,' and says, 'That is too high to irrigate.' And my father asked him how much there was, and he said, 'Well, I couldn't say exactly,' and my father said, 'About three or four acres?' and he hesitated. 'Well,' he says, 'is it less than four or five acres?' and Mr. McHenry said 'Yes.'"

Cross-examination:

"Mr. McHenry told my father he didn't know how many acres there were.

"Q. And your father in the question plainly estimated it as being three or four acres, and Mr. McHenry's reply was not more than four or five? A. No, sir; that was not the way it was. My father's question was three or four acres, and Mr. McHenry hesitated, and said he couldn't say exactly, and my father said 'Is it less than four or five?'—I believe were his exact words—'not more than four or five, Mr. McHenry?' and he said 'No.'"

[5-7] We are giving appellant the benefit of his own witness on the point, which, whether made as a fact or as an opinion, it looks as much the testimony of appellant as of McHenry, for he was led up to make the statement by appellant himself, who knew the circumstances under which it was made. It was clearly not made or intended to be made as a false statement, nor intended to thereby falsely induce the buyer to purchase on account of such representations. Watson v. Baker, 71 Tex. 739, 9 S. W. 867. There is no finding of the jury nor a word of evidence to show, as said in White v. Peters, 185 S. W. 660, the statement, though in the form of an opinion by one who knows the facts, makes the opinion a sham and a fraud. In such a case there would be a misconception of a fact, but would not be a fraud, where the party situated as appellant was, observing and making his own examination and inspection, his son being with him, saw and knew the circumstances under which McHenry, the agent, was speaking, and he himself so situated as to see and observe the situation for himself and to form his own opinion and judgment. This is not a case where the buyer was wholly induced to purchase and so induced by the misrepresentations of fact and misled by a false and fraudulent representation, and thereby induced to rely upon the same and to make the purchase. There are no specific allegations of fraud, as is usually required in pleadings, that fraud must be alleged as well as proven, though appellant contends that he has pleaded the facts fully to show fraud. No issue of fraud per se was submitted to the jury. In support of the court's judgment we must assume that it found there was not, as an examination of the record discloses no fraud as a fact committed. To constitute fraud it required more than to find the representations were made as "a fact," but further that they were made more than as an expression of an opinion or belief, and under such circumstances as to amount to a positive assertion of a fact which must have been false. Appellant must have wholly relied on it and must thereby have been induced to purchase the land. Therefore, if this statement made to appellant, as from the surrounding circumstances, shows it to have been made, whether you call it as "a fact" or not, to express a mere opinion made categorically in reply to appellant's questions, when making his own in-

spection and seeing everything the agent saw, and made as the mere expression of an opinion with no intent to deceive, under the circumstances it constituted no fraud. Hawkins v. Wells, 17 Tex. Civ. App. 360, 43 S. W. 818.

Appellant is correct in his statement as well as the citation Friemel v. Coker, 218 S. W. 1108, to the effect that, where there is no request for the submission of an issue, the court may find thereon himself.

It will also be assumed that the court found on such facts necessary to support the judgment when the jury failed to find all necessary material facts. That is precisely what has been done here, and we have looked to the record and quoted from appellant's own testimony, which supports the judgment of the trial court.

There is no new proposition of law presented, or other valid reason given that entitles appellant to a rehearing, and the motion is overruled.