**RAHL v. COMPTON.**

No. 8593.

Court of Civil Appeals of Texas. Austin.

Nov. 10, 1937.

Rehearing Denied Jan. 19, 1938.

J. D. Burns, of San Angelo, for appellant.

W. J. Holt and Wm. C. Davis, both of Austin, and Street & Street, of Waco, for appellee.

McCLENDON, Chief Justice.

Suit by Rahl against Compton for damages resulting from a shortage in acreage in the exchange of lands. The cause of action as plead was predicated upon fraud, mutual mistake, and breach of warranty. The trial was to the court without a jury, and the judgment was in favor of Compton upon conclusions of fact and law by the trial court that there was no evidence upon which to support a finding of any amount of damage upon any of the three pleaded theories of recovery.

There is no statement of facts; and the appeal is predicated upon alleged erroneous legal conclusions from the fact findings of the trial court.

Briefly, the record shows: Compton conveyed to Rahl by general warranty deed a tract of land described by metes and bounds, and "as containing 150 acres," in exchange for city property. This latter the court found to be worth $900 ($1,500 gross less $600 incumbrance). The land actually embraced in the field notes contained only 111.23 acres. Of these the title to 16.23 failed. The pertinent fact findings (5 and 6) and the conclusions of law follow:

"5. I find that the said 95 acres was practically of uniform class, grade and value except that portion thereof which is farming land was worth a little more than the pasture land. However, the record is silent as to how much of said 95 acres was farming land and how much was in pasture, hence I am unable to make any finding apportioning it as between these two kinds nor to find what the difference in market value between them was.

"6. I find that the grade of the 16.23 acres of land to which title failed as described in finding of fact No. 4 was the same grade as the 95 acres therein described but as to relative market· values I can make no finding as the record is wholly silent on that point.

"Conclusions of Law.

"1. With the record in the condition it is as reflected in the foregoing findings of fact, I conclude that the court has no basis on which to award plaintiff Rahl any damages either on his allegations ·of fraud, mutual mistake or breach of warranty; therefore, his case has wholly failed and judgment must be that he take nothing."

■ There was no finding upon the allegations of fraud or mistake; but manifestly there was a breach of warranty to the 16.23 acres embraced in the deed the title to which failed.

■ Rahl contends that there was a breach of warranty as to the entire shortage of 55 acres. This is not correct. The conveyance was of a specific tract ·of land described by metes and bounds. The warranty related to the title to that tract, not to the quantity of land stated in the deed to be embraced in the tract. Daughtrey v. Knolle, 44 Tex. 450, 451; 12 Tex.Jur. pp. 20, 21, § 13, and authorities in note 2. Quoting from the latter: "Nor will mention of the quantity in addition to a description of the particular boundaries be construed as a covenant, the quantity clause giving way to the boundary description if the two are not in harmony."

■ The measure of damages for fraud in real estate transactions is now fixed by statute (article 4004) at "the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the· property in the condition it is delivered at the time of the contract." Sibley v. Insurance Co., Tex.Sup., 36 S.W. 2d 145.

■ The measure of damages for mutual mistake is the difference between the· consideration paid and the value of the land actually conveyed. The same rule applied to fraud prior to the above statute. . George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R. A.,N.S., 804, 123 Am.St.Rep. 772, 15 Ann. Cas. 456; Taylor v. Hill, Tex.Com.App.,

221 S.W. 267; Mazac v. Conner, Tex.Civ. App., 296 S.W. 641.

■ Since there was no evidence of the value of the land actually conveyed, an essential element under either of the above rules was wanting.

■ The measure of damages for breach of warranty of title is the consideration paid for land the title to which fails. The total acreage conveyed was 111.23; and the total consideration was $900. If the land were all of uniform value, the consideration paid could be apportioned between the two tracts upon an acreage basis ($8.09 per acre or $131.50 for the 16.23 acres). But we cannot give the court's finding that construction. The finding that the "95 acres was practically of uniform class, grade and value" is qualified by the finding, "except that portion thereof which is farming was worth a little more than the pasture land"; and further by the finding that the record is silent as to the quantity of farming and the quantity of pasture land. Hence, the court expressly finds that it cannot make a finding apportioning the value between these two kinds of land, nor of what was the difference in market value. The sixth finding that the grade of the ·16.23 acres was the same as the 95 acres is qualified by the finding that "as to the relative market values I can make no finding as the record is wholly silent on that point." The court had already found that the 95 acres contained two "kinds" of land, farming and pasture, each of different value. The finding that the "grade" of the 16.23 acres was the same as that of the 95 acres would indicate that the former also contained these two "kinds" of land, and that the "grade" of each "kind" was the same in the two tracts. But there was no finding of the quantity or proportion to the whole of each "kind." To apportion the total consideration between the two tracts one must have data upon which to estimate either the value of each tract, or the relative value of the two. Uniformity of "grade" would not alone furnish that data for two reasons: (1) There was wanting the quantity of each "kind" (having different values) in each tract; and (2) a uniformity both in grade and proportion of different "kinds" of land in the two tracts would not necessarily show that the same grade of land in one tract was of the same value as in the other tract. Location, distribution, form of area, and perhaps other factors might enter into the situation to differentiate the value of land in one tract

from that in another, although of uniform grade and of proportionate quantity in "kind."

In the absence of a statement of facts, the findings of the trial court are conclusively accepted as giving an accurate picture and analysis of the evidence introduced. And where the court expressly finds that "the record is wholly silent on the point" "as to the relative market values" of the two tracts, that finding must be given full force and effect in the absence of other findings in necessarily irreconcilable conflict with it. We find no such conflict.

The trial court's judgment is affirmed.

Affirmed.

On Appellant's Motion for Rehearing.

Citing White v. Street, 67 Tex. 177, 2 S.W. 529; Moore v. Hazelwood, 67 Tex. 624, 4 S.W. 215; Northcutt v. Hume, Tex.Com.App., 212 S.W. 157, 159; First National Bank v. Brown, Tex.Com.App., 15 S.W. 2d 563; and Gass v. Sanger, Tex.Civ.App., 30 S.W. 502, 503 (error denied), appellant contends that in any event he was entitled to recover the average value per acre of the land to which title failed, measured by the total price paid.

We have carefully examined these authorities, and have reached the conclusion that we have properly interpreted the trial court's conclusions of fact; and that the rule announced in these cases is not applicable to the case at bar. We will briefly review them.

In White v. Street, supra, the deed executed by the defendant recited a consideration for the portion of the land to which title failed as $500. It was held that such recital made a prima facie case against defendant, and the burden was upon him to show a less consideration in fact.

Moore v. Hazelwood, supra, manifestly has no relation to the question at bar.

In Northcutt v. Hume, supra, the evidence was silent with reference to the proportionate value of the land to which title failed, but as recited in the opinion, "there were circumstances in evidence from which the jury might have inferred that the land was all of substantially the same character and value."

In First National Bank v. Brown, supra, the land was sold by the acre, and no evidence was introduced by either party showing that there was any difference in the quality or value per acre of the land to which title failed and that to which title

did not fail. The holding was that under such circumstances a presumption would arise of a proportionately uniform value; the court stating that if the value of that to which title failed was proportionately greater than the other, it would be to the interest of the plaintiff; and if less, to the interest of defendant to show such fact. Neither party having introduced any evidence, the above presumption of uniformity of value was applied. The court cited under the general rule Raines v. Calloway, 27 Tex. 678, and 7 R.C.L. 1170. These authorities confirm us in our construction of the trial court's conclusions and our holding thereon.

In Gass v. Sanger, supra, which is cited and followed in Northcutt v. Hume, supra, the gist of the decision is embodied in the following quotation: "When the shortage was discovered, and appellants were called upon by Mrs. Vance to make it good and pay their pro rata part on the note, no objection was made by them that the part taken by conflict was of less value than the rest, as originally agreed upon. There is nothing in the record to suggest such an idea. On the contrary, while there is no direct evidence to that effect, we think it a legitimate inference from the entire statement of facts that this land was situated in an open prairie country."

The motion is overruled.

Overruled.