### LEE et ux. v. WATSON et al.
#### No. 4232.

Court of Civil Appeals of Texas. Beaumont.
June 8, 1944.

Rehearing Denied July 5, 1944.

Crawford & Crawford, of Conroe, for appellants.

Pitts & Liles and W. C. McClain, all of Conroe, for appellees.

MURRAY, Justice.

This suit was brought in the district court of Montgomery county by J. H. Lee and wife against R. E. Watson et al., for damages alleged to have been suffered because of a shortage of acreage in a tract of land sold by the appellees, Watson et al., to the appellants, Lee and wife.

The basic facts developed upon the trial of the case are undisputed, and at the conclusion of the testimony both sides moved the court for an instructed verdict. The court instructed a verdict for appellees, and appellants have appealed from the court's judgment, rendered in accordance with such verdict.

On December 15, 1942, the appellees, Watson et al., executed and delivered a deed to appellants, conveying a tract of land in Montgomery county, Texas, described by metes and bounds, which deed recited there was conveyed "all of that tract of four hundred six (406) acres of land, more or less, etc." The description in this deed was the same description as that contained in the deed by which the appellees purchased the land in 1929 from Schuhmacher State Bank. It was stipulated by all parties that certain property known as the Walker and Clark land was by mutual mistake included in the description of the land in the deed from Watson et al. to Lee and wife.

The parties, Watson and Lee, are not in disagreement as to the details of their trade. They both testify substantially that Mr. Lee went with Mr. Watson and looked at the tract of land which Watson and the other appellees owned and had for sale, and that Watson first quoted $8,000 as his price for the land; that Lee offered him $7,000; that Watson then offered to split the difference and take $7,500; that after these preliminaries the parties finally agreed on $7,000 as the purchase price, with the vendors retaining a 1/16 non-participating royalty for 15 years; that the land which Lee viewed was substantially in an enclosure, and was the same land he got in the sale; that the Walker and Clark land was outside such enclosure. Appellee Watson, without dispute, was acting for himself and the other appellees in the trade. After the parties had thus agreed upon the terms of the sale the vendors delivered to the vendees an abstract of the property, the certificate of which stated that it was an abstract of title to "about 374 acres of land.". The deal was closed and shortly thereafter the appellants caused the land to be surveyed. It developed that the land actually included within the enclosures and conveyed to appellants contained only 363 acres. Within a short time thereafter, appellants sold the land to M. J. Ross for $8,167.50. The land in question was established to be of the value, at the time of the sale, of between $20 and $25 per acre. The appellants made demand upon appellees for reimbursement, claiming a shortage of 67.3 acres. The appellees offered to return the consideration paid and rescind the entire sale, which offer the appellants refused to accept.

The appellants in their brief maintain that the trial court erred in its judgment for the appellees in the following respects: first point, in instructing a verdict in favor of the appellees; second point, in instructing a verdict for appellees without complying with court Rule No. 268 (Texas Rules of Civil Procedure); third point, in rendering judgment against appellants for the appellees; fourth point, in failing to render judgment for appellants for the amount sued for; fifth point, in sustaining appellees' motion for an instructed verdict on the incorrect measure of the damages.

█ We consider first very briefly appellants' second point. Appellants apparently were under the impression in their brief that Rule 268 of Texas Rules of Civil Procedure required the court in its instruction to the jury to state the specific grounds therefor. The rule in question applies only to the motion of the party presenting it. The motion for instructed verdict filed by appellees in the trial court stated six specific grounds in support of such motion, and we believe this is a sufficient compliance with such rule. This contention of appellants is overruled.

█ Appellants in their other points contend that since this is a suit for shortage of acreage in the sale of land, and that the shortage is not only undenied but stipulated, appellants had suffered damage by such shortage and their measure of damages is the value of the shortage of 67.3 acres computed on the basis of the average price per acre of the entire tract agreed upon in the terms of the sale. If this were a sale of land by the acre, at a fixed and agreed price per acre, this contention would undoubtedly be correct. We are un-

able to agree with the contention of appellants, however, that this is a sale by the acre. We believe it to be a sale in gross of a designated tract of land at a price of $7,000; that in the preliminaries to the sale both parties believed through a mutual mistake that there was at least 406 acres of land in the tract, and that since there was actually only 363 acres conveyed the purchasers had an election either to rescind the sale or sue in equity for whatever actual damages they may have suffered by the shortage. Mason v. Peterson, Tex.Com.App., 250 S.W. 142, 143, cited by the appellants; Biley v. Hay, Tex.Civ.App., 13 S.W.2d 997, also cited by appellants; Voght v. Smalley, Tex.Com.App., 210 S.W. 511; Cox v. Barton, Tex.Com.App., 212 S.W. 652; Gillispie v. Gray, Tex.Civ.App., 214 S.W. 730; Gillespie v. Gray, Tex.Civ.App., 230 S.W. 1027; Patterson v. McMinn, Tex.Civ.App., 152 S.W. 223; Taylor v. Hill, Tex.Com.App., 221 S.W. 267.

The appellants chose to sue for their damages. Within the view of the authorities above cited, they had not suffered any actual loss by this shortage. The measure of damages, since the sale was a sale in gross, was the amount of money by which the purchase price exceeded the value of the property actually received at the time of the sale. The evidence here is undisputed that the value of the property received, even though containing only 363 acres, was in excess of the purchase price paid for it. In fact, appellants were able to and did sell the land shortly after buying it, at a price $1,167.50 greater than the price they had paid and agreed to pay for it. The court applied the correct measure of damages in granting the instructed verdict for appellees.

Presenting no error, the judgment of the district court is affirmed.