## FORT SMITH v. FAIRBANKS, MORSE & COMPANY.

### No. 1724. Decided June 12, 1907.

**1.—Limitation—Breach of Contract—Subsequently Accruing Damages.**

Breach of a contract warranting the capacity of a pump sold for an irrigation plant gave a right of action at once for all damages proximately resulting, whether already developed or not; and limitation then began to run, though the damages, loss of a rice crop, subsequently developed. (P. 27.)

**2.—Limitation—Oral Agreement—Pleading.**

Action for breach of an oral agreement giving the seller further time to

make machinery comply with the written warranty given on its sale was barred where such later oral undertaking was not pleaded within two years from the accrual of the right of action thereon.  (P. 27.)

**3.—Limitation—Defense—Cross Action.**

Limitation does not run against a claim of failure of consideration pleaded as a defense to plaintiff's suit on the contract; but where defendant pleads same, not in avoidance of such liability, but as a basis for a cross action for damages for breach of warranty, limitation applied to such cross action.  (P. 27.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Fairbanks, Morse & Co. sued Smith and appealed from a judgment for defendant, which was reversed and rendered in their favor. Smith thereupon obtained writ of error.

*Fisher, Sears & Campbell* and *R. W. Franklin,* for plaintiff in error. —That parties may change contracts as to the time in which they are to be performed, etc.  9 Cyc., 595, 597; Cohen v. Ins. Co., 67 Texas, 326; Sanger v. Slayden, 7 Texas Civ. App., 616.

That the cross-action being for consequential damages the cause of action accrued at the time of the happening of the damage.  Limitation did not begin until the damage occurred.  19 Am. & Eng. Enc. of Law, 200; Texas & P. Ry. Co. v. Edrington, 101 S. W. Rep., 441; Grosman v. H. O. L. & M. P. Ry. Co., 92 S. W Rep., 837; Lyles v. Texas & N. O. Ry. Co., 73 Texas, 95; Gulf, W. T. & P. Ry. v. Goldman, 28 S. W. Rep., 267.

If the breach occurred in August, as found by the Court of Civil Appeals, it was one that might not have proved injurious.  The cause of action set out in the cross-bill was one that depended wholly on whether or not the crop was damaged thereafter, and in such case the cause of action can not be considered as accruing until the injury has developed, and until then the statute does not begin to run.  19 Am. & Eng. Enc. of Law, 195, and cases cited in Note 5.

The matter pleaded by way of set-off in the cross-bill was a subsisting, unbarred claim at the time the suit was filed.  The filing of the suit suspended the statute of limitations, and the set-off is good, although it may have been barred in point of time when the answer pleading the off-set was filed.  Crook v. M'Greal, 3 Texas, 487; Walker v. Fearhake, 22 Texas Civ. App., 61; 19 Am. & Eng. Enc. of Law, 182, 179; Wood on Limitation, sec. 282, p. 673; 25 Am. & Eng. Enc. Law, 515, 574; Brumble v. Brown, 71 N. C., 513; Eve v. Louis, 91 Ind., 457; Heath v. Doyle, 18 R. I., 252; Conner v. Smith, 7 So. Rep. (Ala.), 150; Folsom v. Winch, 19 N. W. Rep. (Iowa), 305; authorities cited 25 A. & E. Enc. of Law, note 5, p. 574; Jeffries v. Castleman, 75 Ala., 262.

*Bryan & McRae,* for defendants in error.—The appellee's claim for damages set out in his cross-bill was based upon the breach of an implied warranty, and appellee's cause of action, if any he had, arose immediately upon the completion of the sale of the machinery. Lewis v. Houston, 11 Texas, 642; O'Connor v. Koch, 29 S. W. Rep.,

400; Gould v. City of Paris, 68 Texas, 511-520; Water Co. v. Cleburne, 21 S. W. Rep., 393-396; Stiff v. Fisher, 21 S. W. Rep., 291; Baucum v. Streater, 50 N. C., 70; Wilcox v. Plummer, 4 Peters (U. S.), 172; 1 Wood on Limitation (2d ed.), 394; 3 Parsons Contracts, 92; 30 Am. & Eng. Enc. Law, 174-208; Mechem on Sales, sec. 1186; Scott v. Scott, 9 Ky. (2 A. K. Marshall), 629.

Under the most favorable view to appellee, his cause of action arose and limitation began to run against him from the time that he discovered, or might have discovered, the insufficiency of the machinery, and the undisputed evidence is, that he did discover this within a few days after the same was installed, on August 15, 1902, and prior to October 1, 1902, and more than two years prior to the filing of his cross-bill on November 11, 1902. Bass v. James, 83 Texas, 110; Ripley v. Withee. 27 Texas. 14.

If the court should hold that appellant was bound by the guaranty made by its agent, Phelps, then appellant says that as such guaranty was verbal, and appears to have been made in October, 1902, that then appellee's action for damages for the breach of such verbal warranty or guaranty was barred in two years from the breach thereof, which breach occurred prior to November 11, 1902. O'Connor v. Koch, 29 S. W. Rep.; 400; Gould v. Paris, 68 Texas, 511-520; Stiff v. Fisher. 21 S. W. Rep., 291.

Under the allegations of this pleading and the facts proven, it was clear that the loss of the rice crop was the proximate and direct result of the failure of defendant in error to furnish an engine according to its contract; that his loss of the rice crop was a direct, and not a consequential damage. Jones v. George, 61 Texas, 352; Wood on Limitation (2d ed.), 448, sec. 178; 19 Am. & Eng. Enc. Law, 200.

Plaintiff in error's claim for damages can in no sense be called a defense. 25 Am. & Eng. Enc. Law, 568, 569; 25 Cyc. 1064, and note 98.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The defendants in error brought this action against the plaintiff in error to recover the amount due upon a promissory note executed by defendant to plaintiff for the price of a pump and attachments purchased by the former from the latter.

The questions in the case arise upon the cross action of the defendant for damages resulting from a breach of warranty on the part of plaintiff in the sale of the pump. It appears from the evidence that the pump was delivered and installed according to the contract of sale about June 15, 1902, and after a few days trial, was found not to have the power stipulated, and to be incapable of performing the work for which it was needed. There was evidence that after this fact was developed the defendant was about to remove the pump and install another. when plaintiff's agent appealed to him not to do so, undertaking to make it comply with the contract and furnish the requisite power. to which defendant assented; that this was attempted and the efforts to comply consumed the time until November 15, 1902, when plaintiff's agent abandoned further effort and

admitted its failure. Further facts of the case, which need not be stated here, may be found in the opinion of the Court of Civil Appeals, 17th Texas Ct. Rep., 542. The damages claimed by defendant resulted from the loss of his rice crop for the irrigation of which the pump was intended, which loss occurred after the final failure to make the pump work efficiently and could have been prevented had the efforts to that end succeeded.

The Court of Civil Appeals held that the defendant's cause of action was for the original breach of warranty which occurred when the pump was found to be insufficient soon after its installation, on June 15, and that it was barred by limitation when defendant's first plea in reconvention was filed November 11, 1904. One of defendant's contentions, in opposition to this view, is that the damage claimed as the result of the breach, the loss of the rice crop, accrued within two years before the plea was filed, and that his cause of action for that damage then arose. As to this, we agree with the Court of Civil Appeals that the original breach of the contract, if it were unaffected by the subsequent transactions, would have given a right of action at once, including the right to recover all such damages as proximately resulted, whether they had then accrued or not, and that limitation would therefore have run from the time of that breach. This is sufficiently discussed in the opinion of the Court of Civil Appeals. We granted the writ of error upon the view that the evidence stated warranted the conclusion that the parties had made a further oral agreement, which was binding, and by which further time was given to plaintiff in which to perform its contract, and that the defendant's cause of action arose upon the breach of that agreement. Heisch v. Adams, 81 Texas, 94; Loan Assn. v. Stewart, 94 Texas, 441. But it is found upon an examination of the record that in his plea filed November 11, 1904, the defendant did not set up the last agreement nor seek to recover for its breach. This was first done by the amended plea filed February 22, 1905, when more than two years had elapsed from the breach of that agreement. As the stipulations on the part of plaintiff, for breach of which damages are claimed, were oral, the two years statute applies and the action was barred.

The plaintiff in error takes the further position, in substance, that the facts set up constitute a defense to plaintiff's action upon the note, to which limitation is not applicable. It is true that limitation does not affect defenses which are properly applicable to a plaintiff's cause of action, but nothing of that nature is set up. The defendant kept the property, gave his note for the price on December 15, 1902, after all of the transactions referred to had passed, has made payments upon and repeatedly promised to pay it and has never denied his liability upon it. He does not plead a failure of consideration, entire or partial, but asserts a cause of action for damages for a breach of the prior contract. This is not a defense to the note but a cross action.

The Court of Civil Appeals reached the right conclusion and its judgment must therefore be affirmed.

*Affirmed.*