KIRWAN et al. v. ALAMO IRON WORKS.

(Court of Civil Appeals of Texas. San Antonio. March 26, 1913. Rehearing Denied April 23, 1913.)

1. LIMITATION OF ACTIONS (§ 24*)—BREACH OF WARRANTIES IN WRITTEN CONTRACT—PETITION.

A petition, alleging that defendant agreed in writing to deliver to plaintiff enumerated machinery to perform the work ordinarily performed by such machinery, that it should be of good material and workmanship, that because of defendant's negligence the machinery was defective as to material and workmanship and failed to perform the work required of it and proved a total failure, that defendant failed to furnish a specified part of the appliances, and that plaintiff was damaged in consequence thereof, states a cause of action founded on warranties in a written contract within the four-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 112–117; Dec. Dig. § 24.*]

2. LIMITATION OF ACTIONS (§ 28*)—IMPLIED WARRANTY.

An action on an implied warranty of suitableness for the purpose for which goods are purchased under a contract in writing is within the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 134, 135, 142; Dec. Dig. § 28.*]

3. LIMITATION OF ACTIONS (§ 24*)—INSTRUMENTS IN WRITING—PETITION.

A petition, alleging that defendant contracted in writing to deliver an engine to pump water on crops, that subsequently defendant informed plaintiff that he could not furnish the engine, but could furnish a secondhand engine, that plaintiff, being unable to secure a new engine as quickly as the secondhand one, directed defendant to ship the same, that defendant did not ship the secondhand engine until nearly a month later and on its arrival it failed to operate, that plaintiff had made his preparations to plant his crops, and that if defendant had shipped the new engine as required by contract it would have arrived in time to have enabled plaintiff to irrigate his crops, but that in consequence of defendant's violation of the written contract plaintiff's crops were almost a total failure, states a cause of action founded on an instrument in writing within the four-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 112–117; Dec. Dig. § 24.*]

4. LIMITATION OF ACTIONS (§ 27*)—VERBAL CONTRACTS—TIME TO SUE.

An action founded on a parol contract is within the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 132, 133; Dec. Dig. § 27.*]

Appeal from District Court, Brooks County; W. B. Hopkins, Judge.

Action by George B. Kirwan against the Alamo Iron Works, in which W. W. Riley intervened as warrantor. From a judgment of dismissal, plaintiff and intervener appeal. Reversed and remanded.

T. Wesley Hook, of Falfurrias, for appellants. C. A. Keller, of San Antonio, for appellee.

MOURSUND, J. On December 22, 1912, Geo. B. Kirwan sued Alamo Iron Works, a corporation, alleging that said corporation was indebted to him upon two choses in action; one accruing to him and the other held by him as assignee of W. W. Riley. Later said Riley by leave of court intervened as warrantor of the choses in action assigned by him to Kirwan. The case comes to us upon one assignment of error, by which Kirwan and Riley complain of the court's ruling in sustaining an exception to the effect that plaintiff's cause of action as stated in the petition accrued more than two years before the commencement of the suit, and was therefore barred by the statute of limitations. Appellants having declined to amend, the case was dismissed.

The petition alleges two distinct causes of action, and we will first take up that portion dealing with the cause of action alleged to have accrued to Kirwan.

[1] It is first alleged that July 22, 1908, Kirwan and appellee entered into a written contract, whereby appellee, for a valuable consideration, agreed to deliver to Kirwan at Falfurrias, Tex., "one 16-foot Sampson mill with steel tower, one 12" cylinder, one Kewanee water system, No. 11, with tank 36 by 120 (automatic), and all valves, gauges, pipe and fittings, combined air and water pump, all complete, one walking beam and attachments for two pumps, all pipes and fittings to couple pumps to well and small pump to tank, and all pipes and fittings to couple tank to bath, sink, etc., all f. o. b. Falfurrias." It is further alleged: "That the material and workmanship of all of said goods were to be sufficiently good so that the said goods would perform the work ordinarily performed by such articles, and defendants were obligated by said contract to furnish goods of such material and workmanship." It is further alleged that, due to the negligent failure of defendants to perform the obligations incumbent upon them by the terms of said contract, all of such goods were defective as to material and workmanship; that the Kewanee system and the walking beam were absolutely worthless to plaintiff; that the agreed price of the Kewanee system was $166, and "defendants were by said contract obligated and bound to furnish an automatic water system to perform the work ordinarily performed by such system, with a pressure sufficient to throw water over the house of plaintiff, but said system, due to defective material and workmanship, due to negligence of defendants and their failure to perform their obligations imposed

on them by said contract, has not performed such work, but has proved a total failure from the start, to plaintiff's damage $166, cost price."

In regard to the walking beam it is alleged that "by said contract defendants were obligated to furnish a walking beam which would perform the work ordinarily performed by such goods, but, due to defendant's failure to perform the conditions imposed upon them by said contract," said walking beam was defective and worthless, to plaintiff's damage $20. There is also an allegation that defendants were bound to furnish plaintiff all pipe and pipe fittings to couple up the different pumps, etc.; but there is no allegation that they failed to furnish the same, but damages amounting to $14.52 are claimed on account of this item. It is further alleged: "That defendants agreed to furnish by the said written contract one 16-foot Sampson mill with 3-foot galvanized steel tower, which mill and tower were to be complete and all material for the said mill was by the said contract to be sufficient for the ordinary uses of a windmill, but plaintiff has been compelled to replace many parts of the said Sampson mill, namely, 1 plunger for 12″ cylinder, 1 bottom valve, 1 bottom flange cap fitted for 5″ pipe, bought November 26, 1909, owing to defective material due to the failure of defendants to perform the conditions obligatory upon them by the terms of said contract, to plaintiff's damage, $19."

We are of the opinion that the allegations must be construed as assertions that the written contract contained stipulations in the nature of warranties of the quality of the machinery and supplies furnished, and not that plaintiff seeks to recover upon an implied warranty that the goods are suitable for the purpose for which purchased. Appellant, in his argument, makes a statement indicating that in fact his first cause of action is upon an implied warranty; but when a pleader speaks of obligations, terms, and conditions imposed by a written contract, we regard such pleadings as alleging express written warranties, and not those implied by law from the mere fact of a sale being made of machinery to be used for certain purposes.

The suit being founded upon warranties alleged to be contained in a written contract, the four-year statute of limitations is applicable.

[2] Where a suit is upon implied warranty of suitableness for the purpose for which goods are intended, the two-year statute of limitations is applicable. Fairbanks, Morse & Co. v. Smith, 99 S. W. 705; s. c., 101 Tex. 24, 102 S. W. 908.

[3, 4] The second cause of action pleaded by plaintiff is substantially as follows: That on September 25, 1909, defendant entered into a written contract with W. W. Riley by which defendant agreed to ship Riley at Falfurrias, Tex., at once, a 16 horse power Stickney engine; that defendant knew at the time the purpose for which the engine was desired, namely, to pump water upon crops of truck; that a week later defendant told Riley it could not furnish the engine, but could furnish a secondhand Stickney engine, as good as new, which it could deliver to him promptly; that Riley was unable to secure a new engine as quickly as the secondhand one, and therefore directed defendant to ship the same on condition that if it did not suit Riley need not keep it; that defendant did not ship said secondhand engine until October 18, 1909, and upon its arrival it failed to operate as defendant had assured plaintiff it would operate, which defendant admitted, and, being unable to make it operate, tardily replaced it with a new engine about November 7, 1909; that Riley had made his preparations to plant his crops, and if defendant had shipped the new engine September 25, 1909, it would have arrived three days later and Riley could have irrigated his crops; but that defendant violated the terms of said written contract and delayed shipping such new engine for 1½ months, by reason whereof Riley's crops were planted late and were almost a total failure, to his damage $1,938, the character of the crops and the amount raised and which would have been raised being specifically alleged, and the damages being based upon the failure to perform the conditions of the contract of September 25, 1909.

It appears that this portion of the petition is a suit to recover damages for breach of a written contract made September 25, 1909, to deliver a new engine. The pleader sets out a contract, to supply a secondhand engine, which it appears from his pleadings was substituted for the first contract, but upon which no recovery is sought. It is not stated whether such second contract was written or verbal, but we do not regard this as a suit upon such contract. If it was and the same was verbal, the action would be barred in two years, or if it was in writing, and recovery was sought upon an implied warranty of suitableness for the work for which the engine was intended, the two-year statute would apply. The recovery is sought in this case for failure to deliver the new engine at once as stipulated in the written contract of September 25, 1909, and there is no question before us whether rights accruing on account of the failure to make such delivery were waived by the subsequent contract, but only whether such rights become barred within two years after breach of the contract, or within four years after breach thereof. We hold that the cause of action as alleged is for a debt founded upon an instrument in writing, and that the four-year statute of limitations must govern in this suit.

The judgment is reversed and the cause remanded.