**BISHOP-BABCOCK-BECKER CO. OF TEXAS v. JENNINGS.** (No. 6395.)

(Court of Civil Appeals of Texas. Austin. June 21, 1922. Rehearing Denied Oct. 18, 1922.)

1. **Limitation of actions ⬥180(2)—Defense of limitation may be raised by special exception.**

The defense of limitation may be raised by special exception where the facts appear upon the face of the pleading.

2. **Limitation of actions ⬥28(1)—Two-year statute held to apply to actions for breach of implied warranty.**

In actions for breach of implied warranty, Rev. St. art. 5687, the two-year statute of limitations, applies, even though the goods were purchased under a written contract, and even where fraud is alleged.

3. **Limitation of actions ⬥46(9)—Cause of action for breach of implied warranty held to arise on breach and discovery.**

As respects claim by a buyer of a carbonator for a soda fountain for breach of implied warranty, the cause of action arose on the breach and discovery thereof, and the running of the statute was not interrupted by subsequent attempts by the seller to remedy the defects nor by assurances given.

4. **Sales ⬥434 — Special damages must be pleaded.**

In an action by the buyer of a carbonator for a soda fountain for breach of an implied warranty, in which special damages were claimed, it was necessary that they be specifically and definitely pleaded, and the special

circumstances upon which the claim for special damages is predicated shown to have been known to the other party, or to have been reasonably inferred from the contract.

5. **Evidence ⬥597—Evidence to support a judgment must not be vague and indefinite.**

A verdict and judgment will not be supported when resting upon testimony which is vague and indefinite.

6. **Trial ⬥216—In submitting several items of damage to a jury, it should be instructed as to the legal measure of damages.**

In a case in which several items of damage are submitted to the jury, it should be instructed upon the legal measure of damages.

7. **Sales ⬥448—Buyer who had not paid for goods held not entitled to allowance for return.**

In an action by the buyer of a carbonator for a soda fountain for breach of implied warranty, in which it appeared that the carbonator was returned, but was refused, in absence of proof that the buyer paid for the carbonator, an allowance for the price of the carbonator was error.

Appeal from Hays County Court; J. R. Wilhelm, Judge.

Action by C. W. Jennings against the Bishop-Babcock-Becker Company of Texas. From judgment for plaintiff, defendant appeals. Reversed and remanded.

R. E. McKie, of San Marcos, for appellant.

BRADY, J. Appellee sued appellant for damages for breach of warranty growing out of the sale by appellant to appellee of a carbonator for use with a soda fountain. He alleged a written contract, attached as an exhibit to the petition, and the breach of an express verbal warranty, as well as an implied warranty. It was further alleged that the carbonator was defective when delivered. Appellee sought to recover special damages for injury to his stock of goods caused by the leaking of the carbonator, for waste of gas, for loss of trade, and for the price of the carbonator, with interest. The cause was submitted upon special issues, and judgment was rendered for appellee in the sum of $588.

The first point presented relates to the issue of limitation. Appellant raised this question by exception to the petition, it being claimed that it appeared from the petition that the cause of action sued upon accrued more than two years prior to the filing of the suit. We have concluded that the assignment raising this question must be sustained. Appellee alleged that the carbonator was purchased on or about January 31, 1917, and was received in about a week thereafter. The petition of appellee further alleged that the carbonator was defective

when received, and that his damages immediately begun to arise. It thus appears from the averments that appellee had knowledge of the breach of warranty, if any there was, not later than the first week in February, 1917, and he could then have maintained his action for breach of warranty and damages. The petition contained averments that from time to time appellant sent its agents to look at the carbonator, and assured appellee that it was all right; but it is also alleged that appellant finally, about July 1, 1917, sent an agent to look at the carbonator, and that such agent inspected the same, insisted that it was in good condition, and refused to repair or replace it. The view most favorable to appellee is that his cause of action accrued on July 1, 1917, when the final refusal to repair or replace the carbonator was made, but he did not bring his suit until March 1, 1920.

[1] It is well settled that the defense of limitation may be raised by special exception where the facts appear upon the face of the pleading. Garcia v. Yzaguirre (Tex. Com. App.) 213 S. W. 236; Schutz v. Burges, 50 Tex. Civ. App. 249, 110 S. W. 496; Gathright v. Wheat, 70 Tex. 740, 9 S. W. 76; Grounds v. Sloan, 73 Tex. 662, 11 S. W. 898.

[2] Our Supreme Court has held that the statute of two years applies in an action of this kind, the suit being for a breach of implied warranty. Smith v. Fairbanks, Morse & Co., 101 Tex. 24, 102 S. W. 908. The question is more fully discussed in the opinion of the Court of Civil Appeals in the same case, 95 S. W. 705. This statute applies even though the goods were purchased under written contract (Kirwan v. Alamo Iron Works [Tex. Civ. App.] 155 S. W. 986), and even where fraud is alleged (Gordon v. Rhodes, 102 Tex. 300, 116 S. W. 40).

[3] There are allegations in the petition here that appellee's damages continued to accrue up to November 1, 1918, when the carbonator was returned by appellee, and therefore it is claimed the suit was brought in time. We think this contention is settled adversely to appellee by Smith v. Fairbanks, Morse & Co., supra. The holding was that the cause of action arose at the time of the breach, whether the damages had then accrued or not, and the Supreme Court expressly approved the decision of the Court of Civil Appeals on that point. It was also there decided that the acts of the vendor's agents in undertaking to repair or remedy defects in the machinery, after installation and assurances given, would not affect the question of limitation, but that the statute was put in motion by the breach and discovery thereof, and was not interrupted by subsequent attempts to remedy the defects nor by assurances given. Under these authorities we conclude that the exception should have been sustained, and the judgment must be reversed and remanded.

There are other questions raised in the brief, some of which may arise on another trial. If appellee should demand his petition so as to escape the bar of limitation, the rule is nevertheless applicable that damages accruing from breach of implied warranty or parol warranty are barred by the two-year statute of limitation as established by the following authorities: Article 5687, R. S. of Texas; Kirwan v. Alamo Iron Works (Tex. Civ. App.) 155 S. W. 986; Smith v. Fairbanks-Morse Co., 101 Tex. 24, 102 S. W. 908; Davies v. Ry. Co., 62 Tex. Civ. App. 599, 133 S. W. 295; O'Connor v. Koch, 9 Tex. Civ. App. 586, 29 S. W. 400; Lewis v. Houston, 11 Tex. 642; Gordon v. Rhodes, 102 Tex. 300, 116 S. W. 40; Machine Co. v. Hancock, 4 Tex. Civ. App. 302, 23 S. W. 384; Bass v. James, 83 Tex. 110, 18 S. W. 336. This is true even though the goods were purchased under a contract in writing.

Appellant specially excepted to appellee's allegations in reference to the several items of damage on the grounds that the same were vague, indefinite, and wholly insufficient. We do not think it necessary to decide whether the exceptions should have been sustained, especially as the exceptions themselves seem to be rather in the nature of a general demurrer, and as appellee may amend the pleadings so as to eliminate the objections raised.

[4] Inasmuch as appellee is claiming special damages, it is well to call attention to the rule that requires such damages to be specifically and definitely pleaded. And, in the recovery of such damages, it is also the rule that notice of special circumstances upon which the claim for special damages is predicated must be shown to have been known to the other party, or to have been reasonably inferred from the contract.

[5] There are also contentions made with reference to the uncertainty in the proof as to some of the items of damage sustained. Inasmuch as we cannot say what the state of the evidence will be on another trial, we do not pass upon these assignments. However, we think it proper to say that a verdict and judgment will not be supported when resting upon testimony which is vague and indefinite, and which amounts to no more than a mere guess or speculation. Of course we do not mean to indicate that damages are not recoverable simply because the amounts may be estimates, but there must be some reasonable basis in the proof for an estimation. These legal rules are suggested for the guidance of the trial court, should the questions arise on another trial.

[6] We also think it would be advisable, if not necessary, to instruct the jury upon the legal measure of damages in submitting the several items of damage to the jury.

[7] It appears that the trial court did not submit the issue of the purchase price of the carbonator to the jury, but allowed judgment

therefor. If the evidence should be the same on another trial, this allowance should not be made. The carbonator was returned by appellee, but appellant refused to accept it. The proof, as pointed out by appellant, does not show that appellee ever paid for the carbonator. It would seem obvious that no recovery for the price or value could be had if appellee never paid for the machine.

It is not thought necessary to discuss the other questions raised in the brief.

For the error pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.