## COOPER–BESSEMER CORPORATION v. SHINDLER.

### No. 10879.

Court of Civil Appeals of Texas. Galveston.

Oct. 19, 1939.

A. W. Hodde, of Brenham, and White & McCulloch, of Dallas, for appellant.

No brief filed for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action brought by appellant, The Cooper-Bessemer Corporation, against appellee, J. T. Shindler, on a note for the sum $743.65, and for foreclosure of a mortgage lien on an engine and machinery used in the operation of a cotton gin in Waller County, Texas.

On May 18, 1934, appellant sold to appellee a re-built engine and certain machinery for the sum of $2,885. Appellee paid therefor $800 in cash and executed his three certain notes, payable to appellant, for the sum of $695 each, and secured by a mortgage lien on said engine and machinery. Appellee paid Notes Nos. 1 and 2, and on October 1, 1936, renewed and extended note No. 3 and his mortgage lien on said engine and machinery for a period of one year. On May 6, 1938, appellee having failed to pay said renewed note when it became due, appellant filed suit for the amount due thereon, amounting with interest and attorney's fees to the sum of $906.50, and for foreclosure of its mortgage lien on said engine and machinery.

Appellee answered by general denial and general demurrer. By cross-action dated September 27, 1938, he pled both express and implied warranties that said engine would perform satisfactorily the services for which it was purchased. He alleged that the re-built engine was found to be originally and fundamentally defective in design and construction; that in seeking to have said defects remedied he had expended the sum of $548.36, for which he sought recovery. By alternate cross-action he alleged that by reason of latent defects in said engine the value thereof was diminished by the sum of $550. He sought a reduction by this amount in any judgment that might be rendered against him.

Appellant answered said cross-action by general demurrer, special exceptions and a plea of the two years statute of limitation, Vernon's Ann.Civil Statutes, Art. 5526. He specially pled the terms of the written contract under which said engine and machinery were purchased, and alleged that the company had agreed to repair or replace defective parts for a period of only one year; that more than two years had expired and that if any defect existed in the engine in not functioning properly, it was due to the acts of appellee and that he was estopped from claiming any sum on his cross-action.

By supplemental answer appellee pled that appellant had waived its right to rely on the one year limit upon its warranty of material and workmanship by subsequent promises and attempts to repair said engine.

The cause was tried before a jury, who, in answer to special issues submitted, found the piston rod packing box defective, in that it allowed water to pass into the crank case; that said defect had caused said engine to consume 365 gallons of oil in excess of what it should have consumed, valued at $167.90; that appellee had expended in remedying the defects in said engine, the sum of $403.40; that the market value of said engine at the time of its shipment to appellee was $2,000; that appellant, in undertaking to repair and overcome the defects in said engine on or about December 1, 1936, had waived its right to rely upon the one year limit upon its guarantee of workmanship and material set out in said purchase contract; and that appellee discovered, or should have discovered by the exercise of proper diligence, the defects in said engine on October 1, 1937.

Appellee, by motion filed after the return of the verdict of the jury and prior to the entry of judgment, abandoned his cross-action for his alleged expenses incurred in repairing said engine and expressly elected to stand on his alternative cross-action. By said motion he entered his remittitur to the amount of $335 so as to make the verdict coincide with his pleadings, and moved the court to enter judgment in his favor against appellant in the sum of $550.

Judgment was entered by the trial court awarding appellant judgment on its note in the sum of $932.80, awarding appellee judgment on his cross-action in the sum of $550, with final judgment in favor of appellant in the sum of $382.80 with interest and costs of suit, and for foreclosure of its mortgage lien on said engine and machinery.

While appellant has brought forward numerous assignments of error, we think that this appeal must be disposed of upon one question, that is, the question of limitation as against appellee's alleged counter-claim for the sum of $550, the difference between the contract price of said engine and its reasonable market value at the time of its delivery to appellee.

In the case of Fairbanks, Morse & Co. v. Smith, Tex.Civ.App., 99 S.W. 705, 706, the court held that the two years bar is applicable to the right to recover on a cross-bill predicated on the breach of an implied warranty of the fitness of the machinery sold. The question involved was whether a right of action accrued from the happening of the wrong, when the engine was installed, or whether it accrued when consequential damages arose in the loss of a crop. It is our understanding that appellee in the instant case contends, though he has filed no brief herein, that limitation began to run against his counter-claim for damages only when he discovered, or should have discovered, that the piston rod packing box was defective and that the value of said engine was diminished on account of said defects.

In its opinion in the case of Fairbanks, Morse & Co. v. Smith, supra, the court said:

" 'As a general rule the cause of action for a wrongful act, whether negligent, or willful, or for a breach of a contract or a duty, accrues immediately upon the happening of the wrongful act or breach, even though the actual damages resulting therefrom may not occur until some time afterwards. The statute, therefore, begins to run upon the occurrence of the act or breach, and not from the date of the resultant damage.' * * *

The leading case in this state which in our judgment announces the principle controlling in this case is Houston Waterworks v. Kennedy [70 Tex. 233, 8 S.W. 36], supra.

"In that case it is clearly declared that the right of action accrues upon the happening of the wrong and any consequent damage, and that from that date the statute runs, irrespective of whether the injured party had knowledge of the wrong, and irrespective of the fact that the most serious damage occurred long after the perpetration of the wrong. It seems to be well settled that the knowledge or want of knowledge on the part of the injured party does not affect the running of the statute. Wood on Limitation, p. 362. Exceptions are made in cases of concealed fraud. * * * It may be that the rule would be different where the perpetrator of the wrong or the one guilty of the breach actively concealed from the person injured the fact of the wrong or breach, but here we have no such case."

In the instant case there is no allegation of concealment or fraud on the part of appellant.

The case of Fairbanks, Morse & Co. v. Smith, supra, was affirmed by the Supreme Court. Smith v. Fairbanks, Morse & Co., 101 Tex. 24, 102 S.W. 908. In its opinion the Supreme Court said: "The Court of Civil Appeals held that the defendant's cause of action was for the original breach of warranty, which occurred when the pump was found to be insufficient, soon after its installation, on June 15th, and that it was barred by limitation when defendant's first plea in reconvention was filed November 11, 1904. One of the defendant's contentions, in opposition to this view, is that the damage claimed as the result of the breach, the loss of the rice crop, occurred within two years before the plea was filed, and that his cause of action for that damage then arose. As to this, we agree with the Court of Civil Appeals that the original breach of the contract, if it were unaffected by the subsequent transactions, would have given a right of action at once, including the right to recover all such damages as proximately resulted, whether they had then accrued or not, and that limitation would therefor have run from the time of that breach."

In the case of Bishop-Babcock-Becker Co. of Texas v. Jennings, Tex.Civ.App., 245 S. W. 104, 105, the court, in holding that the statute of two years applies in an action for a breach of implied warranty, said: "There are allegations in the petition here that appellee's damages continued to accrue up to November 1, 1918, when the carbonator was returned by appellee, and therefore it is claimed the suit was brought in time. We think this contention is settled adversely to appellee by Smith v. Fairbanks, Morse & Co., supra. The holding was that the cause of action arose at the time of the breach, whether the damages had then accrued or not, and the Supreme Court expressly approved the decision of the Court of Civil Appeals on that point. It was also there decided that the acts of the vendor's agents in undertaking to repair or remedy defects in the machinery, after installation and assurances given, would not affect the question of limitation, but that the statute was put in motion by the breach and discovery thereof, and was not interrupted by subsequent attempts to remedy the defects nor by assurances given."

In the instant case appellee's plea for excessive oil consumption is based on the excessive oil consumed during the ginning season of 1934 and in subsequent years. According to his testimony, appellee discovered during the ginning season of 1934 and 1935 that said engine consumed an excessive amount of oil due to the fact that the oil became contaminated with water and had to be removed on numerous occasions. We think that these facts constitute a discovery by appellee of the alleged breach of warranty of said engine more than two years prior to the filing of his counter-claim; that he would then have been justified in bringing suit for the breach of the warranty, and that the statute was thereby put in motion without reference to his knowledge of the nature or extent of the defects in said engine, and irrespective of the date of subsequent expenditures by him in attempting to repair said alleged defects.

Under these facts, we deem it unnecessary to discuss the remaining assignments.

The judgment of the trial court is reformed and judgment is here rendered in favor of appellant for the full amount due by appellee upon said note, with foreclosure of its mortgage lien on said engine and machinery.

Reformed and affirmed.