**TEXAS VAN LINES, Inc., Appellant,**

v.

**Sam Frank GODFREY, Appellee.**

No. 15383.

Court of Civil Appeals of Texas.

Dallas.

March 28, 1958.

Rehearing Denied May 9, 1958.

Allen Melton, Dallas, for appellant.

McKool & Bader, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment in the amount of $1,000 awarded appellee Sam Frank Godfrey against Texas Van Lines, Inc., for breach of a contract to procure $1,000 fire insurance coverage on appellee's household furniture. The furniture was totally destroyed when fire swept the warehouse of appellant Texas Van Lines, Inc., July 23, 1955.

While watching a television program in May 1955, Mr. and Mrs. Godfrey saw an advertisement of Texas Van Lines offering a "Summer Special"—three months' storage of goods for the price of two months' storage. As they were about to go to Colorado for a three months' stay, the Godfreys contacted Texas Van Lines and a representative of the warehouse, Mr. McIntire, came out to the Godfrey's house. The representative and the Godfreys discussed the storing of the furniture for three months and the representative made an estimate of the cost including insurance coverage. The Godfreys decided to store their furniture with Texas Van Lines, Inc. On May 25, 1955 the Company's truck picked up the furniture. That same day the Godfreys departed for Colorado.

On July 24, 1955 the Godfreys returned to Dallas. The fire had occurred the day before. The Godfrey's furniture had not been covered by insurance.

Appellee sued the warehouse company for negligence and alleged the value of their furniture to be $2,138.50, for which amount they asked judgment. In the alternative they prayed for judgment for $1,000 for breach of contract, alleging that the company had contracted with them to obtain insurance coverage in that amount and had failed to do so.

The trial was to the court without a jury. The trial court found in favor of appellant on the negligence count, but awarded appellee judgment for $1,000 on the count for breach of contract.

 Appellant's first and second points on appeal complain because the trial court overruled appellant's motion to make Maryland Casualty Company a third party defendant. Appellant asserted that if appellee obtained judgment against appellant, then appellant was entitled to judgment over against Maryland Casualty Company because of the latter's failure to issue its "Advice of Insurance" certificate covering the Godfrey furniture. Appellant did not file

its motion until 2:00 o'clock P.M. the day of the trial. Though the Insurance Company would have been a proper party to the suit, it was not a necessary party. To have granted the motion would have meant a delay of several weeks in the trial due to the time required to complete service of citation on the third party defendant. Consequently it cannot be said that the trial court abused its discretion in denying appellant's motion. The first two points are overruled.

■ Appellant's fourth, fifth and eighth points allege a want of consideration for appellant's agreement to provide insurance for appellees. We see no merit in this contention. Part of the service offered to appellee was the procuring of fire insurance on the furniture. There is evidence in the record that appellee and his wife informed the warehouse company's representative that they desired insurance in the amount of $1,000. The representative could not give them the exact cost of all the services to be rendered, which included drayage, wrapping of many items for storage, labor in some of the wrapping, and procuring insurance coverage as well as storage. He could only give appellees an estimate of the cost, but he assured them, according to the testimony of the Godfreys, that the total cost for three months would not be over $50. It was on such terms that appellant, upon the Godfrey's order, picked up the furniture, transported it to the warehouse and kept it in storage for three months. No one claims that appellant was to perform all these services free of charge. Mrs. Godfrey testified that her husband offered to pay the charges to the representative at the conclusion of their conference, but the representative declined to accept payment because he did not then know exactly what the charges would be. Mr. Godfrey testified that he offered to pay the truck driver who picked up the furniture, but the truck driver also refused to accept payment. Appellant's fourth, fifth and eighth points are overruled.

Appellant's sixth, seventh and eleventh points assert in substance that the court erred in holding (6) that the warehouse was obligated to pay insurance premiums for plaintiff and rely on its statutory rights under a warehouseman's lien for the collection of such money advanced; (7) that the warehouse was under a duty to appellee, respecting insurance, to do anything except provide coverage, accept and remit premiums paid thereon; and (11) that the warehouse in agreeing to insure appellee's goods obligated itself to provide and maintain insurance without the premium being paid by appellee to appellant.

■ Appellant argues that appellee failed to prove a contract for insurance coverage. But the record contains ample evidence to support a finding that part of appellant's contract was to provide insurance. The Godfreys so testified and appellant's own records so indicate. Plaintiff's exhibit No. 1 is a copy of a statement mailed June 13, 1955 by appellant to the Godfreys which itemizes the charges as follows:

| Drayage to warehouse | $22.75 |
| 3% Fed. Trans. Tax | .68 |
| Wrapping | 5.20 |
| Warehouse Labor | 5.20 |
| Storage 5–25 to 6–25 | 5.20 |
| Insurance | 1.30 |
| | $40.33 |

At the bottom of the statement is a notation: "Your monthly storage rate is $6.50." It will be observed that the $6.50 is the exact amount of the storage charge of $5.20 plus the insurance of $1.30.

The above statement was mailed to "Mrs. Godfrey, c/o George Saphire, 2536 Healy Drive, Dallas, Texas," the address given to appellant by the Godfreys before their departure for Colorado. It was the address of the Godfrey's married daughter. Unfortunately the statement was not forwarded to the Godfreys in Colorado. It was not received by them until their return from Colo-

rado July 24, 1955. This was the only statement mailed by appellant to appellee. No statement was mailed in July. At the time of their return from Colorado the Godfreys had made no payment to appellant.

■ Appellant claims that the charges were payable each month in advance, that credit had not been extended to appellee, and that appellee's failure to pay the charges when due relieved appellant of the obligation to maintain insurance.

We are unable to agree with appellant. There is sufficient evidence in the record to support the trial court's finding that appellant did extend credit to appellee. Mrs. Godfrey, referring to the conversation with Mr. McIntire, the Company's representative with whom the Godfreys made the arrangements to store their furniture, testified: "Q. All right. Was there any conversation at that time with reference to manner of payment of these charges? A. Yes, sir. "Q. All right. What was the conversation? A. We were leaving that night for Colorado and Mr. Godfrey asked him, he said, 'How much am I going to pay now?'—he said, 'I want to pay this now because I am leaving tonight.' He said 'We'll have to bill you for this and it doesn't matter if you are taking this summer special, it can be paid when you pick up your furniture, or later when you pick up your furniture.'"

The record also contains evidence, as we have already pointed out, that Godfrey offered to pay the charges before he left for Colorado, but payment was not accepted because the exact amount of the charges was not then known. It is understandable that appellant was not greatly concerned about immediate collection of the charges, for its "summer special" offered customers three months' storage for the price of two months. It was not specified which of the three months was to be free of charge. Moreover the warehouseman's lien given to the appellant by statute expressly includes a lien for charges incurred in providing insurance for stored goods. Art. 5638 Vernon's Ann.Civ.St.

Appellant's sixth, seventh and eleventh points are overruled.

■ The ninth and tenth points on appeal assert that appellant was not obligated as an insurer to pay appellee the sum of $1,000 for insurance coverage. Appellant's liability is not predicated on the theory that appellant itself was the insurer. It is predicated on the theory that appellant breached its contract to obtain insurance coverage for appellee. As shown by the amended answer filed by appellant in which it sought to bring in Maryland Casualty Company as a third party defendant, it was contemplated that Maryland Casualty Company would be the insurer. There was nothing novel about such an arrangement. Plaintiff's exhibit No. 3 is a long list of customers of appellant for whom appellant had obtained insurance coverage with Maryland Casualty Company. Unfortunately appellee's name is not on the list. As we stated before, the warehouse was protected by the statutory warehousemen's lien for money paid out for its customers for insurance coverage. The ninth and tenth points are overruled.

■ Appellant's twelfth point is that the court erred in allowing appellee to pay into court the sum of $46.83 cash as a tender of all charges due appellant by appellee as shown by the statement of June 13, 1955 of $40.33 plus $6.50 for an additional month's storage and insurance charges. As before indicated, we have concluded that appellant was liable for breach of contract, though the charges had not been paid at the time of the fire. Doubtless appellant would have been entitled to deduct the amount of the accrued charges from the amount of the judgment awarded appellee. In any event the tender in no way harmed appellant. The twelfth point is overruled.

Appellant's third point is that the court erred in overruling appellant's motion to

dismiss appellee's suit, said motion being presented after appellee as plaintiff rested his case. The ground urged was that appellee had failed to make out a case by competent testimony. The court properly overruled the motion. There was ample evidence to make out a case for appellee. Appellant's third point is overruled.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

In its motion for rehearing appellant says that we erred in a material way in the findings of fact contained in our opinion.

In support of its contention appellant asserts that (1) there was a controversy as to whether appellees learned of appellant's storage plan through a television program or a radio program; (2) the fire at the warehouse took place the day after the return of the Godfreys from Colorado, not the day before their return; (3) Mrs. Godfrey went to her daughter's house the night of their return from Colorado, and picked up the mail which had accumulated during their absence, including the warehouse receipt; (4) appellant does not contend it was entitled to judgment over against Maryland Casualty Company because, of that Company's failure to issue its "Advice of Insurance" certificate. It contends that if appellant itself was authorized as an agent of Maryland Casualty Company to issue the "Advice of Insurance" certificate, and the insurance was actually provided for appellee then the Maryland Casualty Company was liable; and (5) the record shows Godfrey discussed payment only with the truck driver, who was not authorized to collect, not with the warehouse representatives, who first called at the Godfrey's residence.

The above errors in our findings, if they were errors, are immaterial to the issues in this case, and in no way affect the correctness of our decision to affirm the trial Court's judgment. For example it is immaterial whether the warehouse fire took place the day after the return of the Godfreys from Colorado, or the day before their return; or whether the Godfreys became interested in appellant's "Summer Special" storage plan through a television or radio advertisement.

The testimony as to some of the matters in question is conflicting. Mrs. Godfrey testified that she and her husband became interested through a television advertisement; appellant's witnesses testified that appellant had no television advertisement, but did have a radio advertisement. Mrs. Godfrey testified that her husband, in her presence, offered to pay the charges to Mr. McIntyre, appellant's representative with whom appellee made the oral agreement to store the furniture; Mr. Godfrey testified he made the offer of payment to appellant's truck driver. In our original opinion we set out Mrs. Godfrey's testimony verbatim on the point.

If such conflicts in the evidence should be considered material, we must point out that it was for the trial court, not this court, to resolve said conflicts. The record contains no written findings of fact and conclusions of law prepared and filed pursuant to Rule 296 Texas Rules of Civil Procedure. However, the trial Court in uttering judgment from the bench at the conclusion of the trial, did orally make certain findings of fact. These oral findings did not cover the conflicts above discussed. But it will be presumed that the court made such implied findings as were necessary to support the judgment. National Bond & Investment Co. v. Atkinson, Tex.Civ.App., 254 S.W.2d 885.

The motion for rehearing will be overruled.