**CERTAIN-TEED PRODUCTS CORPORATION, Petitioner,**

v.

**Allen L. BELL and wife, Gladys Bell, Respondents.**

**No. B-144.**

Supreme Court of Texas.

Jan. 3, 1968.

Folley, Snodgrass, Calhoun & Kolius, V. G. Kolius, Amarillo, for petitioner.

Monning & Monning, Robert R. Bradshaw, Amarillo, for respondents.

HAMILTON, Justice.

This is a suit by Allen L. Bell and wife, Respondents, against Certain-Teed Products Corp., Petitioner, for damages on an implied warranty growing out of a contract to build a house on certain lots located in the City of Amarillo, Texas. Petitioner is the successor in interest to the builder and Respondent is the owner. The trial court entered judgment on a jury verdict for Respondents and the Court of Civil Appeals affirmed, conditioned upon a remittitur which was made. 411 S.W.2d 596. We affirm.

In their petition Respondents alleged that the builder contracted as follows:

"* * * [T]o furnish all labor and material to construct and erect upon the following described land and premises * * * to wit: (Description) and in accordance with certain plans and specifications agreed upon by the parties, the following improvements:

"I.E.H. Home—Model known as Cherry Hill, with 8′ 0″ ceilings, Per*em*iter type foundation, completed to finish stage."

all of which, Respondents asserted, "fully appears from the written contract between the parties, a copy of which is attached hereto and marked Exhibit 'A' and made a part hereof." A mechanic's lien contract and deed of trust, setting forth the above information, were attached to the petition. They further alleged that the house was not constructed in a good and workmanlike manner in some thirteen respects, some of which were sustained, and the jury awarded damages resulting therefrom.

Petitioner asserts that the cause of action is barred by limitations. Suit was filed more than two years but less than four years after the cause of action accrued. This presents the question of whether this cause of action is governed by Article 5526[1] or Article 5527[2], Vernon's Ann.Civ.Stat.

■ Our first problem is to determine whether this suit is brought on a written contract or on an oral contract. Petitioner contends that because there were no written plans and specifications attached to the written contract between the parties the contract sued on was necessarily partly oral and partly written and should, therefore, be construed as an oral contract for purposes of determining limitation. We think the Court of Civil Appeals has properly decided this question against the contention of Petitioner. Petitioner agreed in writing to construct on the property of Respondents a home—model known as Cherry Hill. Petitioner did construct such a home, and the Respondents accepted the completed home as such. Respondents' suit is not based on the failure to do something that Petitioner orally promised to do, but upon the failure to do in a good and workmanlike manner that which the Petitioner agreed in writing to do and did do. The judgment of the trial court as modified by the Court of Civil Appeals is confined to damages resulting from such failure.

■ Having determined that this suit is based on a written contract our next question is, what statute of limitation governs suits to enforce implied warranties growing out of written contracts. It seems to be well settled that a cause of action for breach of an implied warranty in an oral contract is governed by the two-year statute of limitation. Smith v. Fairbanks, Morse & Co.,

1. Art. 5526: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * * Actions for debt where the indebtedness is not evidenced by a contract in writing."

2. Art. 5527: "There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: 1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

101 Tex. 24, 102 S.W. 908 (1907). Some Courts of Civil Appeals, however, as will be pointed out later, have apparently treated this case as involving a written contract, whereas the opinion of this court treated the contract as oral.

We have concluded that a warranty which the law implies from the existence of a written contract is as much a part of the writing as the express terms of the contract, and the action to enforce such a warranty is governed by the statute pertaining to written contracts. In reaching this conclusion, as did the Court of Civil Appeals, we rely on some general principles announced in International Printing Pressmen etc. v. Smith, 145 Tex. 399, 198 S.W.2d 729, 736 (1946), wherein this court said:

> " '[I]t is not indispensable that the written instrument relied upon contain an express promise to do the things for the nonperformance of which the action is brought. It is sufficient if the obligation or liability grows out of a written instrument, not remotely but immediately, or if the written instrument acknowledges a state of facts from which, by fair implication, the obligation or liability arises.' "

and, in Texas Pacific Coal & Oil Co. v. Stuard, 7 S.W.2d 878 (Tex.Civ.App.1928, writ ref.), wherein the court said:

> " 'It is the settled law of this state that, upon acceptance of the lease involved in this case, it became appellant's duty upon the discovery of oil and gas in paying quantities, to develop the premises diligently for the purpose of producing such oil and gas if same could be developed profitably to appellant. * *

> " 'This obligation was in the minds of the parties and became a part of the written contract. The law is a part of every contract. The obligation to develop was therefore a written obligation, although not definitely expressed. * *

> " ' * * * We believe the implication to develop after drilling the exploratory well is a part of the written contract and is governed by the four-year statute of limitations. * * * ' "

Our position is also supported in other jurisdictions. We quote a general statement from 1 A.L.R.3d 914, 917 (1965).

> "Thus in an action of breach of an implied warranty in the performance of a written contract, it has been held that the warranty is implied into the writing, and that the statute governing written contracts applies."

This statement is supported by Bancroft v. San Francisco Tool Co., 5 Cal.Unreported Cases 686, 47 P. 684 (1896); Economy Fuse & Mfg. Co. v. Raymond Concrete Pile Co., 111 F.2d 875 (7th Cir. 1940).

Petitioner, in support of its position that suits on implied warranties, whether they are in oral or written contracts are governed by the two-year statute of limitation, cites Smith v. Fairbanks, Morse & Co., 101 Tex. 24, 102 S.W. 908 (1907); Summers v. Bransford-Hinds Bldg. Co., 383 S.W.2d 947 (Tex.Civ.App.1964 writ ref'd n. r. e.); Puretex Lemon Juice, Inc. v. S. Riekes & Sons of Dallas, Inc., 351 S.W.2d 119 (Tex.Civ.App.1964 writ ref'd n. r. e.); Cooper-Bessamer Corp. v. Shindler, 132 S.W.2d 450 (Tex.Civ.App.1939 n. w. h.); Bishop-Babcock-Becker Co. of Texas v. Jennings, 245 S.W. 104 (Tex.Civ.App.1922 n. w. h.); and Kirwan v. Alamo Iron Works, 155 S.W. 986 (Tex.Civ.App.1913 n. w. h.). Smith v. Fairbanks, etc., as pointed out above deals with an oral contract and the application of the two-year statute and does not support Petitioner's position. Neither does the *Kirwan* case since that case did not involve an implied warranty, but involved an express warranty in a written contract, and the four-year statute was applied. The opinion does indicate by dictum that an implied warranty in a written contract would be governed by the two-year statute of limitation but incorrectly cites the *Fairbanks* case in support of such dictum. The

*Bishop* case involved an action on a breach of an implied warranty in a written contract in which the two-year statute was applied. The court in that case relied on *Fairbanks* and *Kirwan*. In the *Cooper-Bessamer* case the court applied the two-year statute of limitation citing the *Fairbanks* and *Bishop* cases as authority. In the *Puretex* case the court applied the two-year statute citing the *Fairbanks* case, but the case apparently involves an oral contract. In the *Summers* case the Court of Civil Appeals did not have before it the question involved herein, as it was only concerned with when the statute began to run. It was assumed by the parties that the two-year statute applied.

We conclude, therefore, that the cases above relied on by Petitioner are not controlling authority for the proposition that an action founded on an implied warranty arising out of a written contract is controlled by the two-year statute of limitations. See 19 Baylor L.Rev. 500 (1967) analyzing these cases.

We affirm the judgment of the Court of Civil Appeals.