Joanne **BADEAUX**, Appellant,

v.

Raymond **COHEN**, Appellee.

No. 195.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 22, 1969.

 

Joe Moss, Houston, for appellant.

Joseph Lipper, Bailey & Blum, Houston, for appellee.

BARRON, Justice.

This is a suit for breach of an express warranty in connection with the sale of an apartment project. Raymond Cohen, appellee, filed this suit against Joanne Badeaux, appellant, claiming damages for breach of warranty, in that the heating system and air conditioning system installed in the apartments were defective, and that such systems were not installed in a good and workmanlike manner. Appellant answered by general denial, and at the conclusion of the testimony the trial court, a jury being waived, awarded appellee damages in the sum of $6,145.88 and costs. No findings of fact or conclusions of law were requested. Appellant, Joanne Badeaux, has properly perfected her appeal to this Court.

Appellant contends that there is no evidence that the apartment project was not completed in a good and workmanlike manner; that money damages for repairs to the project were erroneous; that there is no evidence of the difference between the agreed contract price of the project and its reasonable cash market value at the time and place of its delivery to and acceptance by Cohen, and that the evidence is insufficient to show what part of the damages, if any, is attributable to the appellant as distinguished from damages attributable to appellee and other persons over whom appellant had no control.

The record shows that Dr. Raymond Cohen purchased a 24 unit apartment project from Joanne Badeaux, who was the owner and who had the project expressly built for her. The sale price of the project was approximately $180,000.00. The sale to Dr. Cohen was based on a written warranty in the earnest money contract dated November 11, 1963, as follows.

"Seller warrants that the entire project has been completed in a good and workmanlike manner and agrees to assign to Purchaser all warranties and guarantees made by the general contractor and his subcontractors."

Dr. Cohen took over the apartment project on January 2, 1964 and had the subcontractors whose warranties were assigned by Joanne Badeaux fix the heating deficiencies and leaks in the apartment, and the contractors did so until June of 1964. Appellant helped secure the workmen for Dr. Cohen. The project management was taken over in June of 1964 by Guardian Management Corporation under the general supervision of H. J. Tollett, Jr., and this project experienced more than average air conditioning and plumbing problems. There was a serious maintenance problem. Dolen-Tanner, an air conditioning company was called in to place freezestats on the coils in the air conditioning system to correct the leaks which were occurring. International Plumbing Company was called in to correct the heating system in order to provide adequate heat and hot water to the project.

Charles Ireland, who was with Dolen-Tanner Company, handled the installation of freezestats on the freezing coils to correct the rupturing of the hot water lines and replace the refrigerant lines from the condensing unit to the coil. The original hard copper lines installed with soft solder would not hold. The heating coil and freezing coil were located in close proximity to each other without freezestats causing the heating coil to rupture. Dolen-Tanner Company was paid the sum of $3,373.16 for its work, which amounts were reasonable and necessary.

John T. Halsell employed by International Plumbing Company, shown to be a

qualified witness, testified that the heating system for the project was designed to provide hot water for both heating and domestic use, and that there was not adequate water available for both domestic use and heating use. International Plumbing Company found that the return line to the heating coils was too small for the amount of water needed to do a proper heating job, which was not in keeping with proper practices. The roof jacket was too small for the size of the flue vent, and charring of the joists resulted. Hard drawn copper lines were used without fittings, which caused kinks and breaks in the lines. Several coils were replaced which had broken from freezing. Solder would not adhere to the copper pipe. International Plumbing Company performed the necessary work to remedy these defects for which they made a charge of $2,619.86 and $384.41 and were paid. The charges were reasonable and necessary according to the testimony.

Suit was filed for $7,061.86, and the trial court disallowed recovery for various items of maintenance and ordinary wear.

■ We believe that the evidence is sufficient to support the judgment and the implied findings of the trial court. The evidence is sufficient to show that the heating system and the air conditioning system were improper original installations and were not installed in a good and workmanlike manner as warranted by appellant.

■ It has been established in Texas that the measure of damages for defects which can be remedied without impairing the building as a whole is the reasonable cost of remedying the defects. Independent Shope Brick Co. v. Dugger, 281 S.W. 600, 602 (Tex.Civ.App.), aff'd., 285 S.W. 599 (Tex.Com.App.); Builders Supply, Inc. v. Anderson, 281 S.W.2d 649, 650 (Tex.Civ.App.), writ ref., n. r. e.; New Home Construction Corp. v. O'Neill, 373 S.W.2d 798, 800 (Tex.Civ.App.), writ ref., n. r. e.; 10 Tex.Jur.2d, Sec. 57, p. 65.

We believe the trial court, under the circumstances, applied the correct measure of damages.

■ We further believe the trial court properly separated the various items of maintenance cost and other unrecoverable items of expense by refusing to include them in the damages found by him. It is presumed on appeal that the trial court made such implied findings as were necessary to support the judgment. Texas Van Lines, Inc. v. Godfrey, 313 S.W.2d 922, 926 (Tex.Civ.App.), writ ref., n. r. e. The evidence is sufficient to support such finding.

The judgment of the trial court is affirmed.