Max T. DRURY, d/b/a Drury Roofing and Sheet Metal Company, Appellant,

v.

C. L. REEVES et al., Appellees.

No. 12436.

Court of Civil Appeals of Texas, Austin.

July 21, 1976.

Malcolm Robinson, Hooper, Robinson & Moeller, Austin, for appellant.

Rogan B. Giles, Austin, for appellees.

SHANNON, Justice.

Appellees, C. L. Reeves and L. W. Prokop, filed suit against appellant, Max T. Drury, doing business as Drury Roofing and Sheet Metal Company, in the district court of Travis County. Appellees sought to recover damages for the breach of a construction contract, or alternatively, for the breach of express and implied warranties. Upon trial to the court, judgment was entered for appellees for the total sum of $8,303.09. We will affirm that judgment.

Appellees pleaded that in December, 1968, they were engaged in the construction of an apartment complex in Austin known as Villa Duval. Appellees entered into a written contract with appellant whereby appellant was to furnish labor and material to install the sheet metal and roofing work on the job. Appellees alleged further that appellant expressly and impliedly warranted that the work and the materials were fit for the purpose for which they were intended.

In late 1968, appellant began the roof work, and he completed the job in May of 1969. Appellant received final payment on the job in September, 1969.

The roof which appellant installed leaked during construction and continued to leak after the construction was completed. From May, 1969, through July, 1970, appellant repaired the roof without charging appellees. Thereafter and until April, 1971, appellant continued to repair the roof, but he charged appellees for those repairs. The roof leaks resulted in damage to the interior walls, carpets, and furniture.

After the entry of judgment, appellant requested the court to file findings of fact and conclusions of law. Though the court failed to prepare such findings and conclusions, appellant did not call such failure to the court's attention within the time allowed by Tex.R.Civ.P. 297. As a result, appellant may not complain of the failure of the court to file findings of fact and conclusions of law. Tex.R.Civ.P. 297.

Appellant's first point of error is that part of the sum of money awarded by the judgment was grounded upon "evidence not admitted" or upon hearsay evidence. We construe the point to be a "no evidence" point.

Appellant's argument under point one centers upon the admission in evidence of appellees' exhibit 9. In preparation for trial appellees had their accountants prepare a summary of the money spent by them in their effort to repair the faulty roofs of Villa Duval. The accountant's summary was identified by appellees' witness and marked by the court reporter as exhibit 9.

Over appellant's objection, the district court admitted exhibit 9 in evidence. In receiving the exhibit the court expressly stated that the exhibit was not received as proof of the statements and bills it purported to summarize. Appellant says that because the exhibit was hearsay, there was no evidence to support that part of the judgment.

Appellant's argument overlooks the testimony of Jack Reeves. Appellees called Reeves, their construction superintendent, to prove their damages occasioned by the faulty roofing. Reeves supervised the re-

pair of the roof of Villa Duval, although most of the work was done by another roofing contractor. Reeves was familiar with charges for the various kinds of work done. By reason of his knowledge and experience in the construction business and by reason of his personal supervision of the repair work on the roof, Reeves was qualified to testify, and did in fact testify that appellees' efforts to repair the roof were necessary and the sums expended by appellees and others for appellees' benefit were reasonable and necessary to effect the roof repairs. Point of error one is overruled.

■ Point of error two is that the part of the judgment awarding appellees the sum of $1,134.65 for damage to carpeting was so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust.

Appellees' position in this connection was that the faulty roof permitted leaks which damaged carpeting in several apartments. The evidence concerning the carpet repairs consisted of the testimony of Clarence Rundell. Rundell had been in the floor covering business for many years. He testified that he made the repairs to the carpets in Villa Duval. He marked the invoices which he sent appellees to distinguish damage to the carpets occasioned by causes other than roof leaks. He testified that the total amount of the carpet repairs made necessary by roof leaks was $1,134.65 and that such amount was a fair and reasonable charge for the work. Although Rundell's memory was not very clear, the district court was the judge of the credibility of the witness and the weight to be given his testimony. *Sauer v. Johnson*, 520 S.W.2d 438 (Tex.Civ.App.1975, writ ref'd n. r. e.). The court's determination was not so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust.

■ Appellant also complains under point two that there was no pleading to support the admission of evidence concerning a recovery for repair of the carpets caused from leakage. Appellees pleaded in this connection that the leaks caused by the faulty roofing ". . . poured water into numerous apartments doing damage to the walls, carpeting, furniture and appliances . . . and causing plaintiffs [appellees] to expend large sums of money to repair and restore the interior of the affected apartments." Appellant did not except to the pleading. The quoted pleading served notice upon appellant that appellees intended to prove the cost of repair and restoration of the carpeting, and that pleading was sufficient to permit the admission of the evidence.

Appellees filed suit more than two years, but less than four years, after their cause of action accrued. Appellant affirmatively pleaded that appellees' suit was barred by the two-year statute of limitations. Tex. Rev.Civ.Stat.Ann. art. 5526(4).[1] The failure of the district court to enter judgment for appellant grounded upon the two-year statute of limitations is the complaint of point of error three. Appellees claim, to the contrary, that the four-year statute of limitations is applicable. Tex.Rev.Civ.Stat.Ann. art. 5527.[2]

Appellees' suit was predicated upon a written contract rather than upon an oral contract. Appellant agreed in writing to do the roofing work on the Villa Duval. Appellant performed the work and appellees accepted the work. Appellees' lawsuit was not based upon appellant's failure to do something that he orally promised to do, but instead upon his failure to do in a good and workmanlike manner that which appellant agreed in writing to perform and did perform. *Certain-Teed Products Corporation v. Bell*, 422 S.W.2d 719 (Tex.1968).

---

1. Texas Rev.Civ.Stat.Ann. art. 5526(4) provides that, "Actions for debt where the indebtedness is not evidenced by a contract in writing," must be filed within two years after the cause of action occurred.

2. Texas Rev.Civ.Stat.Ann. art. 5527 provides that, "Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing," must be filed within four years after the cause of action occurred.

■ A warranty which the law implies from the existence of a written contract is as much a part of the writing as the express terms of the contract, and the action to enforce such a warranty is governed by the four-year statute of limitations. *Certain-Teed Products Corporation v. Bell, supra.* Point of error three is overruled.

In his fourth point of error appellant complains that the judgment should be reversed for the reason that appellees were permitted to proceed to trial upon an untimely filed amended petition. That pleading was filed on August 28, 1975, and the case went to trial on September 4, 1975.

Texas R.Civ.P. 63 provides that amended pleadings may be filed within seven days of the date of the trial provided that leave of court be obtained. Rule 63 provides further that the court shall grant leave to file the amendment unless there is a showing that the amendment will operate as a surprise to the opposite party.

Prior to the beginning of the trial, the district court heard appellant's oral motion to compel appellees to withdraw their trial petition. Counsel for appellant stated that he was "surprised" by the changes contained in that pleading. The court overruled appellant's motion and permitted appellees' petition to remain on file. Appellant did not thereafter withdraw his announcement of ready, nor did he move for a continuance of the case.

A comparison between appellees' prior petitions and their trial petition shows that the only significant change made by appellees in their trial petition was in the amount of damages sought.

■ It is within the discretion of the trial court to grant or refuse the right to file the amended pleading within the seven-day period set out in Rule 63, and the trial court's order will not be disturbed on appeal unless there is a clear showing of abuse of discretion. *Dillingham v. Lynch,* 516 S.W.2d 694 (Tex.Civ.App.1974, writ ref'd n. r. e.). In our view the amended pleading did not change appellant's trial posture, and, as such, it could not have operated as a

surprise within the contemplation of Rule 63. Therefore, the district court did not abuse its discretion in permitting the amended pleading to remain on file.

■ Appellant's final point is based upon the court's denial of his seventh special exception to appellees' petition. Appellant claimed by his special exception that appellees improperly sought to recover for the cost of repairs to the roof for the reason that the proper measure of damage was the difference in value between the work appellees contracted for and the value of the work which appellees actually received.

The district court properly overruled appellant's special exception. The measure of damages for defects which can be remedied without impairing the building as a whole is the reasonable cost of remedying the defects. *Rogowicz v. Taylor and Gray, Inc.,* 498 S.W.2d 352 (Tex.Civ.App.1973, writ ref'd n. r. e.), *Badeaux v. Cohen,* 437 S.W.2d 310 (Tex.Civ.App.1969, no writ).

The judgment is affirmed.